235 P.2d 530

**EAVES v. CONTRACT TRUCKING CO. et al.**

**No. 5385.**

Supreme Court of New Mexico.

Sept. 5, 1951.

Neal & Girand, Hobbs, for appellants.

Brand & Cowan, Hobbs, for appellee.

COORS, Justice.

The appellants, defendants below, raise many questions in their attempt to reverse a judgment granting compensation to the appellee, plaintiff below, on account of injuries sustained by him while he was in the

employ of Jeffries-Eaves, Inc., but one question is determinative of the case, and that is whether an employer not engaged in an extra-hazardous occupation may bring himself within the terms of the Workmen's Compensation Act by the mere filing of a workmen's compensation policy in the office of the clerk of the District Court.

Contract Trucking Company and Jeffries-Eaves, Inc. were at all times separate and distinct corporations. The former was operating a contract carrier business and sold to Jeffries-Eaves, Inc. its permits, both state and federal, and a portion of its trucking equipment, with the agreement by the seller that Jeffries-Eaves, Inc. might operate under Contract Trucking Company's name pending approval of the transfer of such permits by state and federal authorities and under its workmen's compensation policy.

The law relating to the right of an employer, who though not subject to the Workmen's Compensation Act, to elect to become subject to the Act is found in Sec. 57–904, N.M.Stat.Ann.1941, the material parts of which read as follows: *"Election on the part of any employer* to be subject to this act * * *, *may be made by filing* in the office of the clerk of the district court * * *, *a written statement to the effect that he accepts the provisions of this act."* (Emphasis ours.) This is the only statute upon the subject. It provides for an election by the employer of his doing certain, definite and specific things in a certain way and in a certain place. The fact that an employer and his employees may come under the provisions of the Workmen's Compensation Act very materially affects, changes and alters the rights and liabilities of the employer and his employees. It is of great importance to people in industry, both employees and employers, to definitely know at all times whether in their relationship they are subject to the common law or the workmen's compensation law. Their status, their rights and liabilities should not be left to conjecture or in doubt. The legislature did not leave room for doubt by merely saying an employer could elect to become subject to the act. It stated he could elect by doing certain, definite and prescribed things in a specific way and limited his election to be made by the doing of such specific acts in the prescribed manner.

■ Neither Contract Trucking Company nor Jeffries-Eaves, Inc. ever filed an election in writing to come under the terms of the Workmen's Compensation Act as prescribed by the provision of said Sec. 57–904, N.M.Stat.Ann.1941. The trial judge held as a matter of law that the mere filing of a workmen's compensation policy of insurance was sufficient to bring the employers within the terms of the act. This conclusion was erroneous.

■ We approve and prefer to follow the decision rendered in Keeney v. Beas-

man, 169 Md. 582, 182 A. 566, 572, 103 A.L.R. 1515, in which the court said: "The mere fact that the employer procured the insurance cannot therefore be accepted as an implied election. The legislative intent was clearly to require a definite and specific election, not necessarily in any particular form, but nevertheless in writing and plain enough to manifest an unmistakeable intenton of accepting the statute." See also Lester v. Auto Haulaway Co., 260 Mich. 16, 244 N.W. 213.

The judgment will be reversed and the case remanded to the District Court with instructions to vacate its former judgment and enter one for the defendants.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.