458 P.2d 841

Monica **QUINTANA**, Administratrix of the Estate of Irving Leo Quintana, Deceased, Plaintiff-Appellant,

v.

**NOLAN BROS., INC.**, a corporation, Defendant-Appellee.

No. 322.

Court of Appeals of New Mexico.

Aug. 29, 1969.

A. T. Montoya, George H. Perez, Montoya & Montoya, Albuquerque, for appellant.

Leslie D. Ringer, Sante Fe, for appellee.

OPINION

WOOD, Judge.

What is the effect of an employer's failure to comply with the filing provisions of § 59–10–3, N.M.S.A.1963 (Repl.Vol. 9, pt. 1, Supp.1967)?

On October 31, 1967, Irving Leo Quintana suffered an accidental injury arising out of and in the course of his employment. Quintana died as a result of the injury. His administratrix sued Quintana's employer, alleging wrongful death. The employer moved to dismiss, asserting its liability was limited to that provided under our Workmen's Compensation law. The trial court sustained the motion. Plaintiff appeals.

At the time of the accidental injury the employer had a policy of workmen's compensation insurance. The policy made the insurer directly and primarily liable to the workman for compensation benefits for which his employer was liable. In the event of the workman's death, the insurer was liable to his dependents for compensation benefits. The policy was an obligation upon which judgment might issue. Section 59–10–3, supra.

The policy was not filed until January 15, 1968. This is seventy-six days after the accident. We do not know when Quintana was employed so we cannot state the elapsed time between the time for filing under § 59–10–3, supra, and the time of actual filing.

Various provisions of our Workmen's Compensation Act limit the liability of the employer to those benefits set forth in the Act. See §§ 59–10–4(F), 59–10–5, 59–10–6, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). Plaintiff contends these limitations should not apply because of the delay in filing the insurance policy. She contends the filing requirement is mandatory.

We assume the "shall file" provision of § 59–10–3, supra, is mandatory. See Laws 1969, ch. 132, § 1. What is the effect of the employer's non-compliance? Section 59–10–25(D), N.M.S.A.1953 (Repl.Vol. 9, pt. 1, Supp.1967) provides the non-filing employer is guilty of a misdemeanor and subject to fine. Under § 59–10–31, N.M.S.A.1953 (Repl.Vol. 9, pt. 1), a failure to comply with § 59–10–3, supra, subjects the

employer to an injunction "* * * from continuing his business operations until he has complied * * *."

A delay in filing, however, does not necessarily remove the limitations on the employer's liability. Mirabal v. International Minerals & Chemical Corp., 77 N.M. 576, 425 P.2d 740 (1967) states:

"The purpose * * * under an elective act such as ours is to cause the employer to obtain compensation protection. * * * It would seem contrary to legislative intent that any technical delay which in no way prejudices a claimant would give rise to a common-law suit."

In *Mirabal,* as here, the employer had not filed the insurance policy prior to the accident. In *Mirabal,* the technical delay in filing did not give rise to a common-law suit. Here, the technical delay does not permit a suit for wrongful death. The delay does not remove the limitation on the employer's liability because the statutory purpose is met when the employer obtains "compensation protection" for his workmen.

Plaintiff contends, however, that in a workmen's compensation case, there would be no jurisdiction over an insurance company issuing a workmen's compensation insurance policy unless that policy was on file. Section 59–10–13.7, N.M.S.A.1953 (Repl. Vol. 9, pt. 1) provides for service of process upon a defendant insurer. If an insurer, named as a defendant in a workmen's compensation suit, was served pursuant to § 59–10–13.7, supra, we fail to understand how a failure to file the policy pursuant to § 59–10–3, supra, would deprive the court of jurisdiction over that insurer. Further, we fail to understand how this jurisdictional contention applies in this appeal. The issue here is whether the employer's liability is limited to that provided by our Workmen's Compensation Act. Jurisdiction over the insurance company is not involved.

Plaintiff asserts that if the limitation on an employer's liability is not removed by the failure to file the policy within the time provided by § 59–10–3, supra, then an insurance company, or an employer, might "hide" the fact of compensation coverage. The implication is that once a workman was injured, the insurer or employer would then decide whether disclosure of the policy would be advantageous to them. Whether an insurer does or does not disclose the policy is simply not involved. Section 59–10–3, supra, places the duty of filing upon the employer, not the insurer. If the employer pursued a course indicating there was no compensation insurance, it might be estopped to show there was coverage in fact, compare Garrison v. Bonfield, 57 N.M. 533, 260 P.2d 718 (1953), and might subject itself to the liability resulting from the failure to provide insurance. See Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067 (1957). These speculations, however, are not our answer to this contention. Our answer is that plaintiff's argument is simply not applicable to the facts of this case. Here, the policy was on file before either of the two suits, involving Quintana's death, were filed—this suit and the workmen's compensation suit.

Plaintiff also claims that the filing requirement is for the benefit of the workman. We agree that if the filing requirements are met the workman benefits by knowing the employer has undertaken to secure payment of compensation to the workman and by knowing the name and post office address of each party to the undertaking. Section 59–10–3, supra. Although there was a delay due to the late filing, those benefits were obtained in this case.

Plaintiff, however, does not have in mind the benefits consisting of the information made available by the filing. The "benefit" to the workmen which she contemplates is the removal of the limitation on the employer's liability for failure to meet the filing requirements. Since compensation insurance has been provided in this case, and there being no contention that the compensation claim for Quintana's death has been prejudiced by the delay in filing the policy, the employer's liability is un-

der our compensation law. Mirabal v. International Minerals & Chemical Corp., supra. The "benefit" that plaintiff seeks —a way to avoid the limitations of a workmen's compensation claim—is not available to her under the facts of this case.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.