547 P.2d 569
John MONTANO, Administrator of the Estate of Thomas Chester Cruz, Deceased, Plaintiff-Appellant,

v.

R. L. WILLIAMS, d/b/a New Mexico Mill & Lumber Company and J. B. Gazaway, Defendants-Appellees.

No. 1970.

Court of Appeals of New Mexico.

Feb. 3, 1976.

Certiorari issued March 1, 1976.

Pedro G. Rael, Zamora, Ribe & Rael, P. A., Santa Fe, for plaintiff-appellant.

J. Duke Thornton, Shaffer, Butt, Jones & Thornton, Albuquerque, for defendants-appellees.

OPINION

SUTIN, Judge.

Plaintiff appeals from an order of the trial court which dismissed, with prejudice, plaintiff's complaint in tort against defendant Williams because plaintiff's decedent, employed by Williams, was subject to the Workmen's Compensation Act. We reverse.

A. *Motion to dismiss appeal denied.*

Defendant moved to dismiss the appeal (1) because the order was not a "final" order as required by Rule 54(b) of the Rules of Civil Procedure, and (2) plaintiff obtained judgment against other defendants which satisfied his claims and barred any further action against defendant Williams.

■ (1) Rule 54(b) [§ 21-1-1(54)(b), N.M.S.A.1953 (Repl.Vol. 4, 1975 Supp.)] was amended in 1973. Rule 54(b)(2) now makes final a judgment which adjudicates all issues as to one or more, but fewer than all parties. The court may expressly provide otherwise, but it did not do so. The order of dismissal entered in this case was final.

■ (2) A judgment was rendered against an individual defendant other than Williams which was not satisfied or settled. It is now on appeal to this Court. This judgment cannot be urged as satisfaction of any claims of plaintiff against Williams, nor bar further action by plaintiff against defendant Williams.

The motion to dismiss the appeal is denied.

B. *Plaintiff's complaint against defendant Williams was improperly dismissed.*

Plaintiff sued Williams for damages for the wrongful death of decedent. Williams filed a motion to dismiss on the ground that plaintiff was limited by the Workmen's Compensation Act.

The trial court found that Williams substantially complied with the provisions of the Workmen's Compensation Act and decedent's estate was subject solely to the remedies provided by the Workmen's Compensation Act.

Williams failed to file a policy of insurance or a certificate in evidence thereof in the office of the Clerk of the District Court of the Fourth Judicial District within the time provided by § 59-10-3, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) nor at any other time. Neither did Williams produce or introduce in evidence either item.

The record discloses the following:

On October 11, 1973, Williams testified that Universal Underwriters was his compensation carrier; that he had completed a first report of injury or accident required to be filed. A copy of the report was dated July 21, 1972.

On April 4, 1974, by deposition, Jack A. McCutcheon, an insurance adjuster, testified that he investigated on behalf of Universal Underwriters; and that Universal Underwriters was the compensation carrier for Williams.

On September 26, 1974, the regional claims manager for Universal Underwriters Insurance Company, by affidavit, stated that Universal Underwriters had in effect standard policy No. 178399; that it had paid funeral benefits to a mortuary as required by the compensation law, and the policy, "as more adequately shown by the attached draft copy, Exhibit 'A', to this affidavit." No copy of the insurance policy was attached.

On March 4, 1975, Williams, in answer to interrogatories, stated that he was insured by Universal Underwriters' policy No. 178399. When requested by interrogatory to attach a copy of the policy, no such policy was attached.

Does the failure of the employer to comply with the provisions of the Workmen's Compensation Act relative to insurance grant an employee the right to a claim for

relief against an employer separate and apart from the remedies of the Workmen's Compensation Act? The answer is "Yes".

The Workmen's Compensation Act is compulsory, not elective. Every employer with four or more employees must comply with the Act, with very few exceptions. Under § 59–10–3, compliance may be accomplished in one of three ways: (1) by filing an undertaking in the nature of insurance, (2) by filing a certificate in evidence thereof, and (3) by qualifying as a self-insurer.

 The failure of an employer to comply in any way constitutes a violation of the Act and subjects him to a claim for negligence by an employee.

Section 59–10–3 provides:

Every such employer . . . *shall file* in the office of the clerk of the district court for the county in which such workman is, or it is contemplated at the time of *such agreement* such workman is to be employed, previous to or within thirty [30] days after having made any *such agreement,* express or implied, with such workman . . . *good and sufficient undertaking in the nature of insurance or, evidence thereof in the form of a certificate* . . . for the payment . . . to such injured workman, or, in case of death, to the person appointed by the court to receive the same, . . .

\* \* \* \* \* \*

The name and post-office address of each party to such undertaking shall be written or printed upon such undertaking in order that summons by notice, in event of suit against such party being brought by any claimant under such undertaking, may be served upon such party.

\* \* \* \* \* \*

Every contract or policy insuring against liability for compensation, . . . *filed* as provided by this section, . . . shall provide that the insurance carrier, . . . shall be directly and primarily liable to the workman, and in

the event of his death his dependents, to pay the compensation for which the employer is liable; [Emphasis added].

Section 59–10–5, "Defenses to action by employee", reads in part:

In an action to recover damages for a personal injury sustained by an employee while engaged in the line of his duty as such, or for death resulting from personal injuries so sustained in which recovery is sought upon the ground of want of ordinary care of the employer, or of the officer, agent or servant of the employer, it shall not be a defense: [Three are listed.]

Any employer *who has complied with the provisions of the Workmen's Compensation Act relating to insurance* . . . shall not be subject to any other liability whatsoever . . . . [Emphasis added].

Section 59–10–4(D) provides:

Such compliance with the provisions of the Workmen's Compensation Act, *including the provisions for insurance,* shall be, and be construed to be, a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof, or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding whatever for or on account of such personal injuries or death of such employee than as provided in the Workmen's Compensation Act, . . . . [Emphasis added].

 The employer's defense to a common law claim by an 'employee is compliance "with the *provisions* of the Workmen's Compensation Act relating to insurance." This defense was asserted affirmatively. The burden of proof was on the employer to establish compliance. Although compliance is asserted as a defense, the record is clear that Williams did not comply with the *provisions* of § 59–10–3.

Section 59–10–3 leaves uncertain whether the provisions set forth above constitute

all of the employer's requirements for compliance with the provisions of the Act relating to insurance.

▮ Plaintiff contends that "The insurance or other undertaking must be approved by the Court as to (a) form and (b) amount." We do not so read the language. Section 59–10–3 says:

Every such undertaking or bond signed *by such sureties* must be approved by said judge as to form, amount and sufficiency of *surety,* but not such undertakings executed by such insurance or guaranty companies . . . . [Emphasis added].

Judicial approval is not necessary where the employer files an insurance policy or a certificate in evidence thereof.

We conclude that under § 59–10–3, the employer "shall file" an insurance policy, or certificate in evidence thereof, which contain the essential elements set out therein.

Is the "shall file" provision mandatory or not? In *Quintana v. Nolan Bros., Inc.,* 80 N.M. 589, 458 P.2d 841 (Ct.App.1969), we said:

We *assume* the "shall file" provision of § 59–10–3, supra, is mandatory. See Laws 1969, ch. 132, § 1. [Emphasis added] [80 N.M. at 589, 458 P.2d at 841].

The 1969 reference is § 1–2–2, N.M.S.A. 1953 (Repl.Vol. 1), which applies to construction of constitutional and statutory provisions. Subsection I says:

The words "shall" and "will" are mandatory and "may" is permissive or directory.

The word "shall" is mandatory "unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the constitutional provision or statute." Section 1–2–2.

*Winston v. New Mexico State Police Board,* 80 N.M. 310, 454 P.2d 967 (1969) said:

Legislative intent is to be determined primarily by the language of the act, [Citation omitted] and words used in a statute are to be given their ordinary and usual meaning unless a different intent is clearly indicated. [Citation omitted]. It is likewise a cardinal rule that in construing particular statutory provisions to determine legislative intent, an entire act is to be read together so that each provision may be considered in its relation to every other part, and the legislative intent and purpose gleaned from a consideration of the whole act. [80 N.M. at 311, 454 P.2d at 968].

An examination of the whole Act convinces us that the "shall file" provision is mandatory.

In addition to § 59–10–3, compliance with its insurance requirements appears clear and emphatic in §§ 59–10–4(B), (C), (D), 59–10–5, 59–10–6, 59–10–25(D), and 59–10–36.

▮ The ordinary and usual meaning of the word "shall" in a statute is mandatory, not permissive. *Bank of Gering v. Glover,* 192 Neb. 575, 223 N.W.2d 56 (1974); *White v. Means,* 280 So.2d 20 (Fla.App.1973); *Oklahoma Alcoholic Beverage Control Bd. v. Moss,* 509 P.2d 666 (Okl.1973); *Division 85, Amalgamated Trans. U. v. Port Authority,* 417 Pa. 299, 208 A.2d 271 (1965); *Sho-Me Power Corp. v. City of Mountain Grove,* 467 S.W.2d 109 (Mo.App.1971); *Terry v. Sencindiver,* 153 W.Va. 651, 171 S.E.2d 480 (1969). See, *Ogletree v. Jones,* 44 N.M. 567, 106 P.2d 302 (1940).

The legislature made it clear to an employer that if he did not file an insurance policy or certificate in evidence thereof, he surrendered his rights to the Workmen's Compensation Act.

Prior to 1973, § 59–10–4 provided that the Workmen's Compensation Act operated under an elective system. The employer could elect to reject the provisions of the Act. Prior to 1953, a written statement was filed, and the filing of an in-

surance policy was insufficient to constitute an election. *Eaves v. Contract Trucking Co.,* 55 N.M. 463, 235 P.2d 530 (1951). In 1953, the legislature amended the law to include the filing of an insurance policy as an election and the Supreme Court held *Eaves* to be too strict. *Garrison v. Bonfield,* 57 N.M. 533, 260 P.2d 718 (1953). The filing of an insurance policy is equivalent to the filing of a written statement. It is important to note that the mere procurement of an insurance policy was not sufficient to constitute an election. In *Eaves,* the Court said:

> It is of great importance to people in industry, both employees and employers, to definitely know at all times whether in their relationship they are subject to the common law or the workmen's compensation law. Their status, their rights and liabilities should not be left to conjecture or in doubt. The legislature did not leave room for doubt by merely saying an employer could elect to become subject to the act. It stated he could elect by doing certain definite and prescribed things in a specific way and limited his election to be made by the doing of such specific acts in the prescribed manner. [55 N.M. at 464, 235 P.2d at 531].

In the instant case, the legislature did not say if the employer procures an insurance policy, he has complied with the provisions of the Workmen's Compensation Act.

■ A technical delay in the filing of an insurance policy after an employee suffers an injury, but *prior* to a common law action by the employee, does not prejudice the plaintiff because it is substantial compliance with the insurance requirements of the Workmen's Compensation Act. *Quintana v. Nolan Bros., Inc.,* supra; *Mirabal v. International Minerals & Chemical Corp.,* 77 N.M. 576, 425 P.2d 740 (1967).

When the employer actually files an insurance policy before a workman seeks common law relief, the workman is not prejudiced. Compliance with the statute is effected. The workman has not been harmed or injured or placed in a disadvantaged position. No right of the workman has been invaded. The employer is entitled to the protection of the statute.

On the other hand, when an employer does not file an insurance policy, it may constitute a waiver, express or implied, of his right to protection of the statute. The least that can be said is that the workman has a right to rely upon this conduct of the employer. The statute gives the workman a right to choose which road to take for relief.

In the instant case, the workman chose the common law route. The employer, whether estopped or not, cannot claim to possess an insurance policy and invade this right of the workman. This would constitute prejudice to the workman.

We have protected the employer when the workman failed to comply with the statute. For example, see *Maestas v. American Metal Co.,* 37 N.M. 203, 20 P.2d 924 (1933); *Ogletree v. Jones,* supra; *Wilson v. Navajo Freight Lines, Inc.,* 73 N.M. 470, 389 P.2d 594 (1964).

If we hold the "shall file" provision of § 59–10–3 permissive instead of mandatory, we will create doubts in the relationship of the parties and uncertainty in litigation. See *Maise v. Delaney,* 81 S.D. 306, 134 N.W.2d 770 (1965); *Rex Truck Lines, Inc. v. Shaw,* 455 P.2d 297 (Okl.1969).

In *Quintana,* supra, the Court said:

> Plaintiff also claims that the filing requirement is for the benefit of the workman. We agree that if the filing requirements are met the workman benefits by knowing the employer has undertaken to secure payment of compensation to the workman and by knowing the name and post office address of each party to the undertaking. Section 59–10–3, supra. [80 N.M. at 590, 458 P.2d at 842].

For these benefits, and, following the judicial trend of liberal interpretation of the Act for the workman, we hold that the failure of the employer to file a workman's compensation policy, or a certificate in evidence thereof, permits the workman to sue the employer for negligence.

Reversed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.