596 P.2d 248

**SECURITY TRUST, Personal Representative of the Estate of Robert Earl Johnson, Jr., Deceased, Plaintiff,**

**v.**

**Ellis J. SMITH, d/b/a Ellis J. Smith, General Contractor, Ellis J. Smith, d/b/a Ellis J. Smith & Associates, Chase Development Company, American Star Theater Corporation and Commercial Union Insurance Company, d/b/a Commercial Union Assurance Companies, Insurer, Defendants.**

**Michael J. GOMEZ, Plaintiff,**

**v.**

**Ellis J. SMITH et al., Defendants.**

**No. 12213.**

Supreme Court of New Mexico.

March 20, 1979.

Branch, Coleman & Perkal, Turner W. Branch, Rhonda P. Backinoff, Stephen A. Slusher, Albuquerque, for plaintiff.

Roy F. Miller, Jr., Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Shaffer, Butt, Jones, Thornton & Dines, K. Gill Shaffer, Albuquerque, for defendants.

## OPINION

McMANUS, Senior Justice.

Plaintiffs, Security Trust, the Personal Representative of the Estate of Robert E. Johnson, Jr., and Michael J. Gomez, brought negligence actions against their employer, Ellis J. Smith, et al., in the United States District Court for the District of New Mexico. Smith answered both complaints, alleging as a defense that the New Mexico Workmen's Compensation Act (the Act) was plaintiffs' exclusive remedy and barred any common law tort action. Smith filed motions for summary judgment. The cases were consolidated, and the following question was certified to this Court pursuant to § 34–2–8, N.M.S.A. 1978 [formerly § 16–2–7, N.M.S.A. 1953 (Supp.1975)]:

> Does the late filing of a policy of insurance or a certificate of proof thereof with the Clerk of the District Court, as required by N.M.S.A. § 59–10–3 (Supp.1975) [§ 52–1–4, N.M.S.A. 1978], constitute substantial compliance, *Williams v. Montano*, 89 N.M. 252, 253, 550 P.2d 264 (1976), with the Workman's Compensation Act where such filing occurred after the date of plaintiffs' injuries and also after the date of the commencement in the federal court of plaintiffs' actions seeking common law and statutory remedies other than those provided for by the Workman's Compensation Act?

We accepted certification on October 16, 1978.

Section 52–1–4, N.M.S.A. 1978 [formerly § 59–10–3, N.M.S.A. 1953 (Supp.1975)] sets forth the Act's filing requirements. The applicable part of § 52–1–4 provides:

> Every employer subject to the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA 1978] *shall file* in the office of the clerk of the district court for the .county in which such workman is, or it is contemplated at the time of such agreement, such workman is to be employed, previous to or within thirty days after having made any such agreement, express or implied, with such workman, . . . *good and sufficient undertaking in the nature of insurance or, evi-*

*dence thereof in the form of a certificate,* or security for the payment to . . . such injured workmen, or, in case of death, to the person appointed by the court to receive the same . . . . (Emphasis added.)

Section 52–1–8, N.M.S.A. 1978 [formerly § 59–10–5, N.M.S.A. 1953 (Repl. 1974)] reads in part:

> Any employer *who has complied with the provisions of the Workmen's Compensaton Act [52–1–1 to 52–1–69 NMSA 1978], relating to insurance,* . . . shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as provided in the Workmen's Compensation Act . . . . (Emphasis added.)

Section 52–1–6(D), N.M.S.A. 1978 [formerly § 59–10–4(D), N.M.S.A. 1953 (Supp.1975)] provides:

> Such compliance with the provisions of the Workmen's Compensation Act, *including the provisions for insurance,* shall be, and construed to be, a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof, or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding whatever for or on account of such personal injuries or death of such employee than as provided in the Workmen's Compensation Act . . . . (Emphasis added.)

The stipulated facts indicate that Smith failed to file his compensation policy, or a certificate of proof, until almost six weeks after the first tort action was filed and over eleven months after the accident. Plaintiffs argue that Smith has not substantially complied with § 52–1–4 and is, therefore, subject to tort liability. We agree.

■ Section 12–2–2, N.M.S.A. 1978 [formerly § 1–2–2, N.M.S.A. 1953 (Repl. 1970)], sets forth rules of statutory construction. Subsection I provides:

> [T]he words "shall" and "will" are mandatory and "may" is permissive or directory. . . .

The Court of Appeals also recognized in *Montano v. Williams,* 89 N.M. 86, 547 P.2d 569 (Ct.App.1976), *aff'd, Williams v. Montano,* 89 N.M. 252, 550 P.2d 264 (1976), that "shall" is mandatory, in statutory use, unless inconsistent with the manifest intent of the Legislature or repugnant to the context of the statute. Since the *Montano v. Williams* decision, this Court, as well as the Court of Appeals, has continually held "shall" to be mandatory. *Mountain States Tel. v. New Mexico State Corp.,* 90 N.M. 325, 563 P.2d 588 (1977); *State v. Lujan,* 90 N.M. 103, 560 P.2d 167 (1977).

Nevertheless, the mandatory provisions of the Act have been eroded by the doctrine of "substantial compliance". This Court first addressed the question of compliance with § 52–1–4 in *Mirabal v. International Minerals & Chemical Corp.,* 77 N.M. 576, 425 P.2d 740 (1967). In that case, the plaintiff was injured on September 17, 1964, but the policy actually covering the period from July 1, 1963 to July 1, 1966 was not filed until October 22, 1964. The plaintiff filed a common law tort action on June 25, 1965. This Court held that the filing of a policy after the date of the accident, but before any common law negligence action has been filed, constituted substantial compliance with the Act and would bar the negligence action.

The Court of Appeals reviewed a similar situation in *Quintana v. Nolan Bros., Inc.,* 80 N.M. 589, 458 P.2d 841 (Ct.App.1969). In *Quintana,* the plaintiff was injured on October 31, 1967 and the policy covering that day was filed on January 15, 1968. After the policy was filed, the plaintiff filed both a workmen's compensation claim and a wrongful death action. The Court of Appeals, following *Mirabal,* affirmed the district court's dismissal of the wrongful death action.

*Montano v. Williams* is the most recent case which addresses this question. The plaintiff sued Williams for damages resulting from the wrongful death of decedent. The defendants filed a motion to dismiss, contending that they were covered by workmen's compensation insurance at the

time decedent received his injuries. Certain payments under the Act had been made, but the policy was never filed. The trial court dismissed the wrongful death action on the grounds that the defendants had substantially complied with the Act. The Court of Appeals reversed, holding that the employer's failure to comply with the provisions of the Act relating to insurance gives an employee the right to bring a common law action against the employer. The Court of Appeals, in distinguishing *Montano v. Williams* from the earlier *Quintana* and *Mirabal* decisions, perceived the filing of a common law tort action to be the dividing line:

> When the employer actually files an insurance policy *before a workman seeks common law relief,* the workman is not prejudiced. Compliance with the statute is effected. . . .
>
> On the other hand, when an employer does not file an insurance policy, it may constitute a waiver, express or implied, of his right to protection of the statute. . . . The statute gives the workman a right to choose which road to take for relief. (Emphasis added.)

*Id.* at 90, 547 P.2d at 573.

Certiorari was granted in *Williams v. Montano* because it was not clear whether the Court of Appeals was requiring strict compliance or substantial compliance with § 52–1–4. This Court set forth the standard to be applied:

> The standard in New Mexico for foreclosure of an employee's common law remedies is whether the employer has substantially complied with the Workmen's Compensation Act. Strict compliance is not necessary.

*Id.* at 253, 550 P.2d at 265. The Court went on to say that defendant Williams did not substantially comply with the Act because he neither filed the policy or proof of it, nor made any other attempt to comply with § 52-1-4.

Although in *Williams v. Montano* this Court upheld the doctrine of "substantial compliance", we also recognized that there is a point beyond which the mandatory provisions of the Act cannot be ignored. If the mandatory provisions are disregarded altogether it is clear that the intention of the Legislature would be totally frustrated. As the Court of Appeals noted in *Montano v. Williams,* the Legislature did not say that simply procuring a policy complied with the provisions of the Workmen's Compensation Act. The language of § 52–1–4 clearly requires something more; it requires the filing of the policy, or proof of coverage, with the district court.

The Workmen's Compensation Act is remedial and should be liberally interpreted so as to accomplish its purposes. *Lucero v. C. R. Davis Contracting Co.,* 71 N.M. 11, 375 P.2d 327 (1962), *overruled on other grounds, Mascarenas v. Kennedy,* 74 N.M. 665, 397 P.2d 312 (1964). At the same time, however, the statute should not be construed in such a way as to nullify certain of its provisions. *Boggs v. D & L Construction Company,* 71 N.M. 502, 379 P.2d 788 (1963), *overruled on other grounds, Am. Tank & Steel Corp. v. Thompson,* 90 N.M. 513, 565 P.2d 1030 (1977). Allowing the Compensation Act to stand as a bar to a tort action when the employer failed to file anything, or otherwise to comply with § 52–1–4, until after commencement of the tort action, would abrogate this section. An employer would have no reason to file policies, since no real penalty would be inflicted for his failure to do so.

In order to give § 52–1–4 its full effect as contemplated by the Legislature, it is our opinion that the question certified to us by the U. S. District Court must be answered in the negative. Filing proof of coverage after commencement of a tort action does not constitute substantial compliance with the requirements of § 52–1–4. Therefore, as indicated by § 52–1–8 and § 52–1–6(D), plaintiffs are entitled to seek common law and statutory remedies other than those provided for in the Workmen's Compensation Act.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.

EASLEY and FEDERICI, JJ., respectfully dissenting.

FEDERICI, Justice (dissenting).

I cannot agree with the result reached by the majority of the Court in this case.

The New Mexico Workmen's Compensation Act provides the exclusive remedy against the employer and insurance carrier for the injury suffered by the employee under the facts in this case.

In *Williams v. Montano,* 89 N.M. 252, 550 P.2d 264 (1976), the Court held that failure to file the policy *at any time,* even after injury or filing of suit was not substantial compliance with the Workmen's Compensation Act and therefore the common law action could be brought. We note that in *Williams,* although the policy was in effect, *it was never filed and no other proof was offered that the policy was in fact in existence at any time.*

In *Mirabal v. International Minerals & Chemical Corp.,* 77 N.M. 576, 425 P.2d 740 (1967), this Court held that the filing of a workmen's compensation policy after injury and before actions were commenced was substantial compliance with the Act and therefore no common law negligence action could be brought. The Court said:

> The purpose of depriving a non-complying employer of the common-law defenses under an elective act such as ours is to cause the employer to obtain compensation protection. . . . It would seem contrary to legislative intent that any technical delay which in no way prejudices a claimant would give rise to a common-law suit.

*Id.* at 578, 425 P.2d at 742. The Court said this purpose is met when the policy is acquired and that the late filing did not proscribe the employer's rights under the Workmen's Compensation Act. Further the Court said that under these circumstances the employee could show no prejudice to his rights under the Act.

In *Quintana v. Nolan Bros., Inc.,* 80 N.M. 589, 458 P.2d 841 (Ct.App.1969), the court held that a policy obtained prior to the accident, and filed afterwards, but before suits had been filed, was substantial compliance with the Act. The court again reiterated that since the insurance had been pro-

vided there could be no contention that the workmen's compensation claim for death benefits was prejudiced by the delay in *filing* the policy. The prohibition in the Act against common law negligence actions prevailed since there was substantial compliance.

In the present case, the accident happened on August 8, 1977. The employer had taken out workmen's compensation insurance but the insurance policy was not filed with the clerk's office until July 18, 1978. The suits were filed in the United States District Court on June 9 and June 17, 1978.

The purposes of the requirement that a policy be obtained and filed were met: *providing insurance coverage* for a workman; *securing payment of benefits* to the injured workman; and providing the employee with the name of the insurance company so that it could be named in the workmen's claim under the Workmen's Compensation Act. Furthermore, the injured workman is protected by the policy whether or not the policy is on file. Since these purposes were fulfilled, no prejudice resulted to plaintiff because of the employer's failure to file the policy.

The only penalty prescribed in the Workmen's Compensation Act for the failure to file a policy or certificate of insurance is possible criminal prosecution for a misdemeanor punishable by $1,000.00 fine. Section 52–1–56(D), N.M.S.A. 1978 (formerly § 59–10–25, N.M.S.A. 1953). The Act does not grant to an injured workman the right to file a common law negligence action against an employer for failure of the employer to file a policy or certificate of insurance. If the Legislature had intended such a result, it could have easily provided appropriate language in the Act.

Substantial compliance with the law in these cases is sufficient. In determining what constitutes substantial compliance, all of the provisions of the Workmen's Compensation Act should be taken into consideration. In this case the employer had provided the insurance, had paid weekly com-

**40**

pensation, had furnished medical treatment, had negotiated with the plaintiff and his lawyer, and had done everything the Act called for except for filing the policy or certificate in the district court clerk's office. There was no prejudice unless the preclusion of the common law negligence action can, taken alone, be so categorized.

When the policy filing requirement is read along with the other provisions of the Workmen's Compensation Act, the Act indicates that it was not the legislative intent to penalize the employer by denying him access to all the defenses available under the law for his mere failure to file the policy or certificate. *See Meyer v. Noble Drilling, Incorporated,* 259 F.Supp. 110 (1966), and *House v. John Bouchard & Sons Co., Inc.,* 495 S.W.2d 541 (Ct.App.Tenn. 1972).

I would certify the following answer to the United States District Court for the District of New Mexico: Based upon the specific facts in this case and the failure of plaintiff to show prejudice, the filing of a policy of insurance or a certificate of proof thereof with the Clerk of the District Court after the date of a claimant's injuries and after claimant filed suit in federal court seeking common law and statutory remedies other than those provided by the Workmen's Compensation Act constitutes substantial compliance with § 52–1–4, N.M.S.A. 1978 (formerly § 59–10–3, N.M.S.A. 1953 (Supp.1975)).

Since a majority of my colleagues do not agree, I respectfully dissent.

EASLEY, J., concurs.