The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **August 29, 2022**

**No. A-1-CA-39323**

**CATHERINE C. FINN,**

Plaintiff-Appellant,

v.

**SEAN D. TULLOCK and LOS ALAMOS NATIONAL SECURITY, LLC,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**Jason Lidyard, District Judge**

Keller & Keller, LLC
Michael G. Duran
Samantha L. Drum
Albuquerque, NM

Grayson Law Office
Brian G. Grayson
Albuquerque, NM

for Appellant

Hinkle Shanor LLP
S. Barry Paisner
Dioscoro "Andy" Blanco
Santa Fe, NM

for Appellees

**OPINION**

{1}    The district court dismissed Plaintiff Catherine Finn's tort action against Los Alamos National Security, LLC, (LANS) and Sean Tullock (together, Defendants),because Plaintiff's claim arose in the course and scope of her employment by LANS, thus triggering the exclusive jurisdiction of the Workers' Compensation Act (WCA), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2017). *See* § 52-1-9(A) (the Exclusivity Provision). Plaintiff appeals. We affirm.

**BACKGROUND**

{2}    On June 12, 2017, Plaintiff was in a motor vehicle accident while on her way to work at a LANS facility. Both drivers involved in the accident were LANS employees and Tullock was operating a vehicle owned by LANS. Plaintiff filed a complaint in the district court and alleged negligence by both Defendants. Defendants answered and pleaded, in relevant part, that Plaintiff's claims were barred by the Exclusivity Provision of the WCA. The parties engaged in discovery for a year, including deposing Plaintiff. Defendants then moved for summary judgment and asserted that Plaintiff's claims fell under the Exclusivity Provision. The district court granted summary judgment in favor of Defendants, and Plaintiff

filed both a motion to reconsider and a motion to set aside the judgment. The district court denied both. This appeal followed.

**DISCUSSION**

{3}      The WCA balances the needs of the employer and the worker by requiring "the employer to obtain compensation protection," *Quintana v. Nolan Bros., Inc.*, 1969-NMCA-083, ¶ 7, 80 N.M. 589, 458 P.2d 841 (internal quotation marks and citation omitted), so that the employer can offer the injured worker a guaranteed "quick and efficient delivery of indemnity and medical benefits." *Hall v. Carlsbad Supermarket/IGA*, 2008-NMCA-026, ¶ 20, 143 N.M. 479, 177 P.3d 530 (internal quotation marks and citation omitted). In return, the worker renounces the common law right to bring suit in our district courts. *Id.*; *see also* NMSA 1978, § 52-5-1 (1990) ("The workers' benefit system in New Mexico is based on a mutual renunciation of common law rights and defenses by employers and employees alike."). If a dispute arises under the WCA, "any party may file a claim with the director" of the workers' compensation administration. NMSA 1978, § 52-5-5(A) (2013) (providing the procedure for claims); *see also* NMSA 1978, § 52-5-2(A) (2004) (identifying the "director" as the "director" of the workers' compensation administration). Thus, if the Exclusivity Provision is triggered, the employee is limited to filing a claim under the WCA, and disputes must be brought in the workers' compensation administration. The Exclusivity Provision sets forth the

2

conditions under which the WCA provides the exclusive remedy for an employee injured in the course of employment:

> The right to the compensation provided for in this act . . ., in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases where the following conditions occur:
>
> A.   at the time of the accident, the employer has complied with the provisions thereof regarding insurance;
>
> B.   at the time of the accident, the employee is performing service arising out of and in the course of his employment; and
>
> C.   the injury or death is proximately caused by [an] accident arising out of and in the course of his employment and is not intentionally self-inflicted.

Section 52-1-9; *see also* § 52-1-8 (limiting the remedy for the death of or injury to an employee to those "provided in the [WCA]" if the employer complies with the WCA's insurance requirements). The WCA provides, in relevant part, that "injury by accident arising out of and in the course of employment . . . shall not include injuries to any worker occurring while on his way to assume the duties of his employment or after leaving such duties, *the proximate cause of which is not the employer's negligence*." Section 52-1-19 (emphasis added). On appeal, Plaintiff does not contest the applicability of the Exclusivity Provision but rather argues that it should not apply to the facts of the present case.

3

{4} Importantly, nothing in the WCA extinguishes a district court's general subject matter jurisdiction over a plaintiff's tort claim. *See Boyd v. Permian Servicing Co.*, 1992-NMSC-013, ¶ 3, 113 N.M. 321, 825 P.2d 611. To the contrary, the district court retains jurisdiction over a plaintiff's claim, in the manner in which it was pleaded, *see id.*, until it can be established that under the circumstances, the WCA is the plaintiff's exclusive remedy. Once established, the Exclusivity Provision of the WCA "is a total bar to an action by an employee against an employer" in the district court. *Id.*

{5} The record supports, and Plaintiff does not appear to dispute, that under the reasoning of *Espinosa v. Albuquerque Publishing Co.*, 1997-NMCA-072, 123 N.M. 605, 943 P.2d 1058, Section 52-1-9(B) and (C) of the Exclusivity Provision are satisfied here. In *Espinosa*, the plaintiff, who was a pedestrian, was injured by the negligence of a coworker driving a vehicle "owned by the common employer." 1997-NMCA-072, ¶¶ 1, 2. This Court noted that our Supreme Court's approach to Section 52-1-19, makes "the WCA a worker's exclusive remedy in any going-and-coming situation, regardless of time, place or circumstances, as long as the injury was caused by the employer's negligence." *Espinosa*, 1997-NMCA-072, ¶ 12. As a result, the *Espinosa* Court was "compelled to hold that [the plaintiff]'s injuries arose 'out of and in the course of employment.'" *Id.* ¶ 13 (quoting Section 52-1-19). We agree with the district court that the similarity between the facts in this case and

4

*Espinosa* demonstrate that Section 52-1-9(B) and (C) are satisfied. It is further undisputed that LANS complied with Section 52-1-9(A)—the notice of insurance requirement. *See Peterson v. Wells Fargo Armored Servs. Corp.*, 2000-NMCA-043, ¶ 11, 129 N.M. 158, 3 P.3d 135 (explaining how employers may qualify as self-insured). For these reasons, all three triggering conditions of the Exclusivity Provision were satisfied in this case. The WCA is therefore Plaintiff's exclusive remedy and the tort claims brought in the district court are barred.

{6}    Nevertheless, Plaintiff argues that we should reverse the district court's dismissal of the tort claims, because (1) LANS's conduct forecloses LANS from receiving the benefit of the Exclusivity Provision; and (2) applying the Exclusivity Provision leaves Plaintiff without a remedy. We address each argument in turn.

**I.    The Impact of LANS's Conduct on the Application of the WCA**

{7}    Plaintiff argues that LANS should not benefit from the Exclusivity Provision, because (1) LANS did not comply with the WCA, (2) LANS's participation in the district court resulted in waiver of the Exclusivity Provision, and (3) LANS should be equitably estopped from asserting the Exclusivity Provision.

{8}    We briefly dispose of Plaintiff's first argument. Plaintiff contends that LANS's "complete failure to comply" with the WCA "renders it unable to benefit" from the Exclusivity Provision. Specifically, Plaintiff argues that LANS did not substantially comply with the WCA, because it never filed the "required forms and

5

reports" with the workers' compensation administration, as required by Section 52-1-58(A). The "required forms and reports" to which Plaintiff refers are claims initiating documents and data collection forms. The cases Plaintiff cites, however, relate to an employer's proof of insurance coverage as set forth in the Exclusivity Provision and not claims initiating documents and data collection forms. *See Peterson*, 2000-NMCA-043, ¶ 10; *see also Sec. Tr. v. Smith*, 1979-NMSC-024, ¶¶ 1, 11, 12, 93 N.M. 35, 596 P.2d 248 (addressing an employer's failure to file an insurance policy until after the date the plaintiff filed a lawsuit and concluding that late filing was not "substantial compliance" with the WCA's "proof of coverage" requirement); *Montano v. Williams*, 1976-NMCA-017, ¶ 35, 89 N.M. 86, 547 P.2d 569 (acknowledging that "when an employer does not file *an insurance policy*, it may constitute a waiver, express or implied, of his right to protection of the statute" (emphasis added)). The only condition related to reporting that an employer needs to satisfy to trigger the Exclusivity Provision is the insurance reporting requirement. *See* § 52-1-9(A). Plaintiff can provide no support for her position that the other "required forms and reports" to which she refers would also render the Exclusivity Provision inapplicable. We therefore discern no error by the district court in this regard and turn to consider Plaintiff's waiver and estoppel arguments.

{9}     Plaintiff raised both waiver and equitable estoppel for the first time in the motion to reconsider. We therefore review the district court's rejection of these

6

arguments for abuse of discretion. *Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 23, 138 N.M. 851, 126 P.3d 1215. The district court denied the motion to reconsider, because the motion did not assert grounds that rose "to the level of requiring reversal." We agree and first consider Plaintiff's waiver argument.

**A. The District Court Did Not Abuse Its Discretion by Rejecting Plaintiff's Waiver Arguments**

{10} Plaintiff argues that LANS "waived any claim" to assert the "defense" of the Exclusivity Provision, because it "chose to participate in a substantial amount of tort litigation." Plaintiff points us to *Chavez v. Lectrosonics, Inc.*, 1979-NMCA-111, 93 N.M. 495, 601 P.2d 728, *Taylor v. Van Winkle's IGA Farmer's Market*, 1996-NMCA-111, 122 N.M. 486, 927 P.2d 41, and arbitration cases that address waiver by conduct. These cases do not demonstrate that LANS waived the Exclusivity Provision. The *Chavez* Court considered waiver of the "defense of false representation" and not the Exclusivity Provision. 1979-NMCA-111, ¶¶ 1, 20. Thus, while *Chavez* involves waiver and the WCA, *Chavez* did not consider or determine the matter before us on appeal. The *Taylor* Court also did not consider circumstances similar to those before us. The defendant/employer in *Taylor* did not plead the Exclusivity Provision and only after default judgment was entered, argued that the district court never had subject matter jurisdiction because of the possibility that the Exclusivity Provision would apply. 1996-NMCA-111, ¶ 8. This Court held that because the defendant/employer had not raised or pleaded the Exclusivity Provision,

7

the Exclusivity Provision had been waived. *Id.* ¶¶ 7, 9. Unlike the defendant/employer in *Taylor*, LANS raised the Exclusivity Provision before judgment, and therefore did not waive the protections of the WCA.[1]

**{11}** We are further unpersuaded by Plaintiff's analogy to arbitration and other contract cases involving waiver by conduct. *See J.R. Hale Contracting Co. v. United N.M. Bank at Albuquerque*, 1990-NMSC-089, ¶¶ 1, 18, 110 N.M. 712, 799 P.2d 581 (addressing whether a bank waived its right to assert a default clause in a contract between the bank and debtor company); *United Nuclear Corp. v. Gen. Atomic Co.*, 1979-NMSC-036, ¶¶ 15, 71, 93 N.M. 105, 597 P.2d 290 (involving the waiver of a contractual right to arbitrate because the right was not asserted and the defendants had participated in substantial discovery). Parties to contracts, including arbitration contracts, are within their rights to waive contractual obligations. *See J.R. Hale*, 1990-NMSC-089, ¶ 11 (discussing implied waiver of contractual rights); *AFSCME Local 3022 v. City of Albuquerque*, 2013-NMCA-049, ¶ 10, 299 P.3d 441 (determining "whether a party ha[d] waived its right to pursue arbitration"); *see also* Rule 1-007.2 NMRA ("A party seeking to compel arbitration of one or more claims shall file and serve on the other parties a motion to compel arbitration no later than

---

[1]LANS argues that the Exclusivity Provision implicates the district court's subject matter jurisdiction and therefore cannot be waived. Plaintiff offers *Taylor* to demonstrate waiver is possible. We need not consider this conundrum, because, as we have noted, even if waiver is possible, as a factual matter, it is undisputed that LANS pleaded the Exclusivity Provision and thus *Taylor* is distinguishable.

ten (10) days after service of the answer or service of the last pleading directed to such claims."). The WCA, however, is unique. *See Segura v. J.W. Drilling, Inc.*, 2015-NMCA-085, ¶ 11, 355 P.3d 845. The Exclusivity Provision, if the employer demonstrates that it applies, "is a total bar to an action" in district court. *Boyd*, 1992-NMSC-013, ¶ 3; *see also Taylor*, 1996-NMCA-111, ¶ 7 (requiring the Exclusivity Provision to be raised before judgment). LANS properly asserted the Exclusivity Provision. Plaintiff therefore cannot demonstrate that the district court abused its discretion by declining to reconsider and apply waiver.

**B.      The District Court Did Not Abuse Its Discretion by Declining to Estop LANS From Asserting the Exclusivity Provision**

{12}      Plaintiff also argues that the principles of equitable estoppel preclude LANS "both at law and in equity, from asserting" exclusivity at the summary judgment stage, because LANS showed it "was fully []aware of all of the relevant facts that would support a dispositive motion" when it asserted the Exclusivity Provision as an affirmative defense in its answer, and nevertheless continued to defend the case as a tort claim, which Plaintiff litigated "in good faith." Plaintiff cites *Schultz ex rel. Schultz v. Pojoaque Tribal Police Department*, 2013-NMSC-013, 484 P.3d 954, to define equitable estoppel, but we find *Schultz* to be instructive on the application of equitable estoppel in the WCA context.

{13}      In *Schultz*, our Supreme Court explained that "[e]quitable estoppel applies where, as a result of the conduct of a party upon which another person has in good

9

faith relied to his or her detriment, the acting party is absolutely precluded, both at law and in equity, from asserting rights that might have otherwise existed." *Id.* ¶ 21 (internal quotation marks and citation omitted). The plaintiff in *Schultz* filed a WCA claim after the statute of limitations expired. *Id.* ¶ 1. At issue was whether a provision under the WCA operated as a tolling provision or an estoppel statute. *Id.* ¶ 21. The *Schultz* Court concluded that the WCA "established its own special relief, untethered to either doctrine." *Id.* ¶ 23. Similarly, in the present case, we need not turn to the common law principles of equitable estoppel to account for any bad faith by LANS in litigating Plaintiff's claim in district court. The WCA offers "its own special relief" for Plaintiff's contentions about LANS's handling of her claim, *id.*, and provides a remedy for "unfair claim-processing practices or bad faith by an employer . . . relating to any aspect of the [WCA]." Section 52-1-28.1(A). Plaintiff was not denied a remedy by reliance on any bad faith conduct by LANS because the WCA provides its own remedy, and the district court therefore did not abuse its discretion in denying the motion to reconsider.

## II.     Application of the Exclusivity Provision Does Not Leave Plaintiff Without a Remedy

{14}     Plaintiff contends that our case law construing the Exclusivity Provision, including *Espinosa* and related cases, is "unworkable" in circumstances like the present case, because these cases were used to deny "any type of financial recovery for the injuries she suffered through no fault of her own." Plaintiff raised this

10

argument for the first time in her motion to set aside the judgment, the denial of which we review for abuse of discretion. *See Charter Bank v. Francoeur*, 2012-NMCA-078, ¶ 11, 287 P.3d 333. We conclude that the district court did not abuse its discretion in denying the motion.

{15} We first address Plaintiff's request that we perform "judicial surgery" on *Espinosa*. Plaintiff correctly recognizes that we "cannot overrule the decisions" of our Supreme Court. *See State v. Jones*, 1987-NMCA-004, ¶ 6, 105 N.M. 465, 734 P.2d 243. This includes *Dupper v. Liberty Mutual Insurance Co.*, 1987-NMSC-007, 105 N.M. 503, 734 P.2d 743, on which the *Espinosa* Court relied. *See Espinosa*, 1997-NMCA-072, ¶¶ 10, 12. In *Espinosa*, this Court was "compelled" by Supreme Court precedent to conclude that the WCA provided the exclusive remedy when "the injuries sustained by [the employee] while going to work were caused by the negligence of an on-duty co[]worker driving the [employer]'s van." *Id.* ¶¶ 13, 19. We, like the *Espinosa* Court, are bound by the precedent of our Supreme Court, and absent further guidance, we decline to reconsider that analysis.

{16} The application of *Espinosa*, Plaintiff argues, has denied her a remedy in the WCA, in tort, or pursuant to her uninsured/underinsured motorists' insurance policy. The record, however, demonstrates that all avenues of recovery have not been foreclosed. Plaintiff filed a WCA claim, which is currently stayed. Though LANS initially denied the WCA claim—despite the position taken in the district court on

summary judgment—LANS later admitted on the record that the WCA claim is compensable. Given these circumstances, the district court did not abuse its discretion in denying Plaintiff's motion to set aside the judgment.

**CONCLUSION**

{17}    For the foregoing reasons, we affirm.

{18}    **IT IS SO ORDERED.**

_____
**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

_____
**KRISTINA BOGARDUS, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge, retired, sitting by designation.**