446 P.2d 212

Manuel A. MONTOYA, Plaintiff-Appellee,

v.

Lupe SANCHEZ, General Contractor, Employer, and Maryland Casualty Company, Insurer, Defendants-Appellants.

No. 8625.

Supreme Court of New Mexico.

Oct. 21, 1968.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Bruce D. Hall, Albuquerque, for appellants.

Edwin L. Felter, Santa Fe, for appellee.

## OPINION

CARMODY, Justice.

The trial court determined that the plaintiff-employee was entitled to total permanent disability, and the defendants appeal.

The whole controversy is whether plaintiff's claim, under the Workmen's Compensation Act, should be measured by the "total disability" section (§ 59–10–18.2, N.M.S.A. 1953, 1967 Pocket Supp.), or by the "scheduled injury" section (§ 59–10–18.4, N.M.S.A.1953, 1967 Pocket Supp.).

The facts material for our disposition, as stated by the trial court, are:

"5. On April 23, 1964, plaintiff sustained injury which was suffered by a fall from a scaffold arising out of and in the course of plaintiff's employment as a plasterer and mason for Lupe Sanchez, general contractor, defendant herein, which said injury was to plaintiff's right foot, ankle and lower extremity and to his left knee.

"6. Said injuries to Manuel A. Montoya have resulted in total disability as to his body as a whole within the meaning and contemplation of the Workman's Compensation Act of New Mexico, and that the said injuries resulting from the fall injuring his right foot and ankle and the falling of part of the scaffolding on his left knee have disabled the said plaintiff to such an extent that he is unable to work and earn any wages at his usual trade or occupation as a plasterer, cement finisher and mason."

Defendants challenge finding No. 6 on the basis that the court made no finding of any additional body impairment and that there was no substantial evidence which would have supported such a finding in any event. It is conceded by the plaintiff that there is no evidence of any impairment to other parts of the body. The testimony of the plaintiff himself and of the experts is devoted wholly to the injuries specified in the court's findings.

The rule which has been formulated by us in many decisions is that the scheduled injury section is exclusive unless there is evidence of separate and distinct impairment to other parts of the body in addition to the disability resulting from the injury to a scheduled member. Sisneros v. Breese Industries, Inc., 73 N.M. 101, 385 P.2d 960 (1963); Boggs v. D & L Construction Co., 71 N.M. 502, 379 P.2d 788 (1963), and Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69 (1963). But when the effects of an injury to a scheduled member extend to and impair other parts of the body, compensation is not limited to that provided by the statute for loss, or loss of use of, the scheduled member. Jensen v. United Perlite Corporation, 76 N.M. 384, 415 P.2d 356 (1966), and Salome v. Eidal Manufacturing Co., 75 N.M. 354, 404 P.2d 308 (1965). In four very recent cases, the same rule has been followed where it has been determined that the disability was not confined to the member involved, but resulted in additional body impairment to non-scheduled parts of the body. Quintana v. Trotz Construction Company, 79 N.M. 109, 440 P.2d 301 (1968); Yanez v. Skousen Construction Company, 78 N.M. 756, 438 P. 2d 166 (1968); Webb v. W. A. Hamilton, 78 N.M. 647, 436 P.2d 507 (1968); and Baker v. Shufflebarger & Associates, Inc., 78 N.M. 642, 436 P.2d 502 (1968).

When there is no finding of additional body impairment, does the fact that plaintiff received two scheduled injuries

change the rule enunciated by us? We think not. Plaintiff argues that because the statute refers to the loss, or loss of use of, specific body members in the singular in forty-two out of forty-three specified injuries, it does not contemplate or cover a situation where two specific members are injured; thus that if there are plural injuries, the scheduled injury section does not apply. The argument, though ingenious, is fallacious—the introductory paragraph of § 59–10–18.4, supra, refers to "members," thereby signifying a legislative recognition of the fact that more than one member might be affected. Additionally, § 59–10–18.4 D would seem to express a legislative intent that "total disability" under this section was contemplated only in cases of the loss of both hands, arms, feet, legs or eyes, or any two of them. The expression "Expressio unius est exclusio alterius" is applicable. We further take note of our decision in Sisneros v. Breese Industries, Inc., supra, in which, although the question here presented was not directly raised, we approved of multiple payments for four scheduled injuries in denying a claim for partial permanent disability.

Cases cited by the plaintiff from other jurisdictions are not persuasive because they involve consideration of statutes differing from that which we here construe.

The two injuries are within the statutory schedule, and plaintiff is entitled to compensation for each; but absent proof that the impairment to the member, or members, extended to non-scheduled parts of the body, compensation is limited to that provided in the schedule.

We hold that the statute as presently existing does not allow adding one scheduled injury to another scheduled injury and thereby claiming that the second scheduled injury is an involvement of other parts of the body. Admittedly, the economic impact on the plaintiff is to be regretted; but we cannot, even under our long-standing liberal construction of the Workmen's Compensation Act, judicially amend the scheduled injury section. This is a matter for the legislature and must be left to that body.

The trial court found that the defendant-insurer had paid medical expenses and compensation at the maximum rate for eighty-four weeks. This finding is not attacked and is the law of the case. Although not stated as such, it is apparent that these payments were made for the healing period, and any new judgment hereafter entered should be in addition to such payments.

The judgment is reversed and remanded to the trial court, with instructions to set aside its judgment and render judgment in conformity herewith. It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.