565 P.2d 1030

**AMERICAN TANK AND STEEL COR-PORATION and Employers National Insurance Company, Petitioners,**

v.

**Johnnie Lee THOMPSON, Respondent.**

**No. 11152.**

Supreme Court of New Mexico.

June 30, 1977.

Tansey, Rosebrough, Roberts & Gerding, Charles Tansey, Farmington, for petitioners.

Hynes, Eastburn & Hale, Benjamin S. Eastburn, Farmington, for respondent.

## OPINION

PAYNE, Justice.

In 1973, while engaged in the course of his employment, Johnnie Lee Thompson, a code welder, sustained an accidental injury to his right thumb, right index finger and the webbing between the thumb and finger. In an action brought under the New Mexico Workmen's Compensation Act,[1] the trial court found that no other part of Thompson's body was physically impaired as a natural and direct result of the accident. It further found that Thompson is able to use some, but not all of the tools necessary to perform the usual tasks of a welder. The trial court specifically found as follows:

    7. Because of his inability to use all of the necessary tools, the plaintiff is wholly unable to perform the usual tasks in the work he was performing at the time of

---

1. §§ 59–10–1 to 59–10–37, N.M.S.A.1953 (2d Repl. Vol. 9, Pt. 1, 1974).

his injury and for the same reason is wholly unable to perform the usual tasks in any work for which he is fitted by reason of age, education, training, general physical and mental capacity and previous work experience.

The trial court concluded that the plaintiff was entitled to total disability rather than the limited benefits under the scheduled injury section[2] of the Workmen's Compensation Act. The Court of Appeals affirmed the decision of the trial court.

The question presented for review on certiorari is whether a workman is entitled to compensation benefits for total permanent disability where disability arose from injuries to a specific body member scheduled in § 59–10–18.4, *supra*, or whether the scheduled injury section is exclusive.

■ The employer and the insurance carrier argue that the decisions rendered by the Court of Appeals in this case and in an earlier case, *Witcher v. Capitan Drilling Company*, 84 N.M. 369, 503 P.2d 652 (Ct. App.1972), cert. denied, 85 N.M. 380, 512 P.2d 953 (1973), are in conflict with prior decisions of this Court: See *Montoya v. Sanchez*, 79 N.M. 564, 446 P.2d 212 (1968); *Quintana v. Trotz Construction Company*, 79 N.M. 109, 440 P.2d 301 (1968); *Yanez v. Skousen Construction Company*, 78 N.M. 756, 438 P.2d 166 (1968); *Webb v. Hamilton*, 78 N.M. 647, 436 P.2d 507 (1968); *Baker v. Shufflebarger & Associates, Inc.*, 78 N.M. 642, 436 P.2d 502 (1968); *Casados v. Montgomery Ward & Co.*, 78 N.M. 392, 432 P.2d 103 (1967); *Jensen v. United Perlite Corporation*, 76 N.M. 384, 415 P.2d 356 (1966); *Salome v. Eidal Manufacturing Company*, 75 N.M. 354, 404 P.2d 308 (1965); *Sisneros v. Breese Industries, Inc.*, 73 N.M. 101, 385 P.2d 960 (1963); *Boggs v. D & L Construction Company*, 71 N.M. 502, 379 P.2d 788 (1963). To the extent that they conflict with Witcher we specifically overrule the previous decisions of this court.

This court first enunciated the exclusivity of the scheduled injury section in *Boggs v. D & L Construction Company, supra*. This position has not always received the total support of this court. See *Salome v. Eidal Manufacturing Company, supra*, (Moise, J., concurring opinion). The strict application of the scheduled injury section created inequities in the remedy provided to injured workmen who were totally disabled and unable to return to gainful employment because of injuries to a scheduled body member. An analysis of the cases arising after the *Boggs* decision demonstrates a tendency to relate scheduled injuries to other parts of the body or to psychological problems in an apparent effort to circumvent the *Boggs* holding and reach a just result. *Quintana v. Trotz Construction Company, supra*; *Yanez v. Skousen Construction Company, supra*; *Webb v. Hamilton, supra*; *Jensen v. United Perlite Corporation, supra*; *Salome v. Eidal Manufacturing Company, supra*. These cases frequently resulted in less than precise directives for lawyers and litigants. Such legal and judicial gyrations can be easily resolved by adherence to the legislative directives within the Act. *Security Insurance Co. of Hartford v. Chapman*, 88 N.M. 292, 540 P.2d 222 (1975); *Mascarenas v. Kennedy*, 74 N.M. 665, 397 P.2d 312 (1964); *Montell v. Orndorff*, 67 N.M. 156, 353 P.2d 680 (1960).

The pertinent provision of the Workmen's Compensation Act defining total disability states:

59–10–12.18. Total Disability.—As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], "total disability" means a condition whereby a workman, by reason of an injury arising out of, and in the course of, his employment, is wholly unable to perform the usual tasks in the work he was performing at the time of his injury, and is wholly unable to perform any work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience.

The section of the Workmen's Compensation Act dealing with injuries to specific body members states:

2. § 59–10–18.4, N.M.S.A.1953 (2d Repl. Vol. 9, Pt. 1, 1974).

59–10–18.4. Compensation Benefits—Injury to Specific Body Members.—A. For disability resulting from an accidental injury to specific body members including the loss or loss of use thereof, the workman shall receive the weekly maximum and minimum compensation for disability as provided in section 59–10–18.2 NMSA 1953, . . .

. . . . .

B. For a partial loss of use of one of the body members or physical functions listed in subsection A of this section, the workman shall receive compensation computed on the basis of the degree of such partial loss of use, payable for the number of weeks applicable to total loss or loss of use of that body member of physical function.

To allow the scheduled injuries section to be exclusive of the total disability section is to ignore both the plain meaning of § 59–10–12.18, *supra,* and the overall purpose of the Workmen's Compensation Act.

A summary of the exclusivity of scheduled allowances is found in 2 Larson's Workmen's Compensation Law, § 58.20 at 10–212–214 (1976), where it states:

Although it is difficult to speak in terms of a majority rule on this point, because of significant differences in statutory background, it can be said that at one time the doctrine of exclusiveness of schedule allowances did dominate the field. But in recent years there has developed such a strong trend in the opposite direction that one might now, with equal justification, say that the field is dominated by the view that schedule allowances should not be deemed exclusive, whether the issue is treatment of a smaller member as a percentage loss of a larger, or treatment of any scheduled loss as a partial or total disability of the body as a whole. (Footnotes omitted.)

The facts in this case can equally justify an award of total and permanent disability under § 59–10–18.2 (2d Repl. Vol. 9, Pt. 1, 1974), or an award for a scheduled injury under § 59–10–18.4, *supra.* Under the latter, Thompson could receive no more than $65.00 per week for 125 weeks notwithstanding the fact that he is totally disabled within the terms of § 59–10–12.18, *supra.*[3] Under the former, he would be entitled to $65.00 per week for up to 500 weeks.

If one suffers a scheduled injury which causes a physical impairment but does not create disability, § 59–10–18.4, *supra,* will apply. When the impairment amounts to a disability, §§ 59–10–18.2 and 59–10–18.3, *supra,* are properly invoked.

■ The trial court in the present case found that the injury and physical impairment were limited to plaintiff's right hand. No other part of plaintiff's body was physically impaired. The trial court also found total disability as a result of the plaintiff's injuries and his subsequent inability to perform the only work for which he was qualified. The degree of disability is a question of fact to be determined by the fact finder. *Roybal v. County of Santa Fe,* 79 N.M. 99, 440 P.2d 291 (1968); *Adams v. Loffland Brothers Drilling Company,* 82 N.M. 72, 475 P.2d 466 (Ct.App.1970). We have reviewed the record and have concluded that there is substantial evidence to support the court's findings of fact and conclusions of law. *Gallegos v. Duke City Lumber Co., Inc.,* 87 N.M. 404, 534 P.2d 1116 (Ct.App.1975); *Maes v. John C. Cornell, Inc.,* 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974).

We therefore affirm both the trial court and the Court of Appeals and assess additional attorney's fees against American Tank and Steel Corporation and Employers National Insurance Company in the amount of $1,500.00.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.

McMANUS, C. J., dissenting.

FEDERICI, J., not participating.

---

**3.** Defendants argued at trial that plaintiff was only entitled to recover 45% partial permanent disability to the right hand for an amount of $29.25 per week for 125 weeks.