614 P.2d 33

**Harold Paul NEWHOFF,
Plaintiff-Appellant,**

v.

**GOOD HOUSEKEEPING, INC., Employer,
and New Hampshire Insurance Group,
Insuror, Defendants-Appellees.**

**No. 4417.**

Court of Appeals of New Mexico.

July 1, 1980.

Writ of Certiorari Denied July 17, 1980.

William C. Birdsall, Faurot & Birdsall, P. A., Farmington, for plaintiff-appellant.

Kenneth J. Ferguson, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

Plaintiff, in an accidental injury within the Workmen's Compensation Act, lost total sight in his right eye. The parties stipulated that defendants paid "all benefits to which Plaintiff would be entitled under the scheduled injury provision . . . ." The scheduled injury provision is § 52–1–43, N.M.S.A.1978. The stipulation recites that the benefits paid consisted of 53 weeks for the healing period and 120 weeks for the blindness in one eye. The parties also stipulated that plaintiff has a 45 percent per-manent partial disability as a result of the accident in which he was blinded in one eye and that plaintiff's "sole physical injury" as a result of that accident was confined to the eye. The trial court ruled that compensation benefits were limited to those provided in § 52–1–43, supra. Plaintiff appeals, contending he is entitled to compensation benefits on the basis of a 45 percent disability. We disagree.

Prior to the decision in *Witcher v. Capitan Drilling Company*, 84 N.M. 369, 503 P.2d 652 (Ct.App.1972), cert. quashed, 85 N.M. 380, 512 P.2d 953 (1973) and *Am. Tank & Steel Corp. v. Thompson*, 90 N.M. 513, 565 P.2d 1030 (1977), the issue had been decided adverse to plaintiff. As stated in *Montoya v. Sanchez*, 79 N.M. 564, 446 P.2d 212 (1968):

> The rule which has been formulated by us in many decisions is that the scheduled injury section is exclusive unless there is evidence of separate and distinct impairment to other parts of the body in addition to the disability resulting from the injury to a scheduled member. . . .
> But when the effects of an injury to a scheduled member extend to and impair other parts of the body, compensation is not limited to that provided by the statute for loss, or loss of use of, the scheduled member.

*Witcher*, supra, pointed out that statutory provisions for payment of compensation benefits for total and partial disability differed, that what is now § 52–1–41, N.M.S. A.1978 does not limit the benefits to be paid for total disability, and that what is now § 52–1–42, N.M.S.A.1978 limits benefits payable for partial disability. Partial disability benefits are payable when "not specifically provided for in Section 52–1–43 NMSA 1978 . . . ." *Witcher*, supra, held that the scheduled injuries resulting in total disability entitled Witcher to compensation benefits for total disability.

*Am. Tank & Steel*, supra, also a total disability case, stated: "To the extent that they [a list of prior New Mexico decisions, including *Montoya v. Sanchez*, supra] conflict with Witcher we specifically overrule

the previous decisions of this court." This did not change the rule where partial disability was involved; as stated in *Witcher,* supra, "the scheduled injury section limits only the benefits payable for 'partial disability.'" In order to obtain partial disability benefits and not be limited to scheduled injury benefits, there must be a separate and distinct impairment to other parts of the body in addition to the disability resulting from injury to a scheduled member. See *Montoya v. Sanchez,* supra.

Plaintiff contends that *Am. Tank & Steel,* supra, went beyond *Witcher,* supra, and permits recovery of partial disability benefits when, as in this case, the injury is solely to a scheduled member. Plaintiff relies on the following statement in *Am. Tank & Steel,* supra:

> If one suffers a scheduled injury which causes a physical impairment but does not create disability . . . [§ 52–1–43, supra] will apply. When the impairment amounts to a disability . . . [§§ 52–1–41 and 52–1–42, supra], are properly invoked.

The quoted sentence does not state, nor do we understand it to mean, that the limitation on partial disability benefits in § 52–1–42, supra, is to be disregarded. When there is a partial disability, one may invoke § 52–1–42, supra, and when one invokes that section, one also invokes the limitation stated in that section. *Am. Tank & Steel,* supra, does not overrule prior decisions except to the extent the prior decisions conflict with *Witcher,* supra. *Montoya v. Sanchez,* supra, and *Witcher,* supra, are consistent in their approach to scheduled injuries and partial disabilities. Our view is that plaintiff's reading of *Am. Tank & Steel,* supra, is incorrect; that *Am. Tank & Steel* does not permit recovery of partial disability benefits when the injury is solely to a scheduled member.

Plaintiff asserts that when one is partially disabled, see § 52–1–25, N.M.S.A.1978, and, but for the scheduled injury section, entitled to payment of benefits under § 52–1–42, supra, it is unfair to limit the compensation to benefits under § 52–1–43, supra, when the benefits under § 52–1–42, supra, would be greater than those provided by § 52–1–43, supra. This seeming injustice should be addressed to the Legislature; "we must construe the act in a reasonable manner, and not in such a way as would abrogate certain portions of the statute . . . ." *Boggs v. D & L Construction Company,* 71 N.M. 502, 379 P.2d 788 (1963).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

HERNANDEZ and WALTERS, JJ., concur.