647 P.2d 396

**MOUNTAIN STATES CONSTRUCTION COMPANY and Mountain States Mutual Casualty Company, Petitioners,**

v.

**Steve ARAGON, Respondent.**

No. 14184.

Supreme Court of New Mexico.

May 7, 1982.

Rehearing Denied June 7, 1982.

Modrall, Sperling, Roehl, Harris & Sisk, Douglas R. Vadnais, Thomas L. Johnson, Albuquerque, for petitioners.

James A. Thompson & Associates, Joseph David Camacho, Chris Lucero, Jr., Albuquerque, for respondent.

## DECISION

FEDERICI, Justice.

Plaintiff, Steve Aragon (Aragon) brought an action under the Workmen's Compensation Act for a job-related injury. The trial court found that Aragon's injury was a scheduled injury for the loss of use of one hand, dexterous member. The Court of Appeals reversed, holding that since Aragon suffered atrophy of the arm as the result of the injury to the hand, Aragon was totally or partially disabled and remanded the case for a hearing to make a finding on "the degree of partial disability to which [Aragon] is entitled." We granted certiorari, and we reverse the Court of Appeals.

The record shows that the trial court considered Aragon's claims and heard the evidence of all the experts. There is substantial evidence to support the trial court's findings that Aragon's injury was not a "separate and distinct" injury that may permit recovery under the holding in our case

of *Am. Tank & Steel Corp. v. Thompson*, 90 N.M. 513, 565 P.2d 1030 (1977). *See Newhoff v. Good Housekeeping, Inc.*, 94 N.M. 621, 614 P.2d 33 (Ct.App.), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980).

On appeal, we must view the evidence in a light most favorable to support the findings and conclusions of the trial court. The trial court will not be reversed unless the findings and conclusions cannot be supported by the evidence or by permissible inferences therefrom. *First National Bank of Santa Fe v. Wood*, 86 N.M. 165, 521 P.2d 127 (1974); *Lewis v. Barber's Supermarkets, Inc.*, 72 N.M. 402, 384 P.2d 470 (1963). Appellate courts do not weigh conflicting evidence. *Worthey v. Sedillo Title Guaranty, Inc.*, 85 N.M. 339, 512 P.2d 667 (1973).

It is for the factfinder and not the reviewing courts to *weigh* conflicting evidence. *Duke City Lumber Company, Inc. v. Terrell*, 88 N.M. 299, 540 P.2d 229 (1975).

In the light of established case law in this State, it is our opinion that the Court of Appeals was in error when it went beyond a *review* of the record to determine whether the findings of fact of the trial court were supported by substantial evidence. The Court of Appeals *weighed all of the evidence* and substituted a new finding of its own. This is contrary to the rule announced in *Duke City Lumber Company, Inc., supra.*

There is substantial evidence to support the findings of the district court.

The Court of Appeals is reversed, and the trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, J., concur.