652 P.2d 1210

**HISE CONSTRUCTION and American States Insurance Company, Petitioners,**

v.

**Charles CANDELARIA, Respondent.**

No. 14045.

Supreme Court of New Mexico.

Sept. 27, 1982.

Shaffer, Butt, Thornton & Baehr, Deborah S. Davis, Albuquerque, for petitioners.

Duhigg & Cronin, David Duhigg, Albuquerque, Bruce P. Moore, Santa Fe, for respondent.

## OPINION

RIORDAN, Justice.

Plaintiff Charles Candelaria (Candelaria) filed an action for workmen's compensation resulting from an injury suffered while working for Hise Construction (Hise). The injury to Candelaria's little finger resulted in amputation at the distal joint and in heightened sensitivity to cold. The trial court found that Candelaria suffered a separate and distinct impairment to his body as a whole and determined that he was fifty percent (50%) permanently and partially disabled. The trial court awarded Candelaria future medical expenses, rehabilitation expenses and attorney's fees.

Hise appealed, alleging that Candelaria's injury was covered by the scheduled injury section of the Workmen's Compensation Act (Act). § 52–1–43(A)(27), N.M.S.A.1978. Under Section 52–1–43(A)(27), Candelaria would be entitled to compensation benefits for seven weeks instead of up to 600 weeks as permitted by Section 52–1–42, N.M.S.A. 1978. To the extent that Candelaria suffered a partial loss of the use of his hand, he would be entitled to a percentage compensation for 125 weeks under Section 52–1–43(A)(7) and (B), N.M.S.A.1978. Candelaria cross appealed claiming that the scheduled injury section is unconstitutional because it denies workers, like Candelaria, equal protection of the law if they receive an injury to a bodily member listed in the schedule injury section of the Act. The

Court of Appeals ruled against Candelaria on the cross appeal and reversed his award of fifty percent (50%) permanent and partial disability. *Candelaria v. Hise Construction*, 98 N.M. 763, 652 P.2d 1214 (1982). The Court of Appeals remanded the case to the trial court and ordered "a new trial limited solely on whether plaintiff was partially disabled as defined by law."

We granted certiorari, and affirm the Court of Appeals' decision that the scheduled injury section, as applied to Candelaria, is constitutional. However, we modify the decision of the Court of Appeals on the issue of permanent partial disability.

The issue on certiorari is whether the evidence supports a finding of a "separate and distinct" injury to Candelaria that would allow a recovery for disability other than under the scheduled injury section of the Act.

The facts of this case are adequately set out in the Court of Appeals' opinion; therefore, we will not restate them here.

If a worker is totally disabled due to an injury, then he or she is entitled to disability under Section 52–1–41, N.M.S.A.1978, even if the disability results from the loss of or injury to a scheduled member that is enumerated under Section 52–1–43.

The compensation benefits for workers who are partially disabled are contained in Section 52–1–42.

> For partial disability the workmen's compensation benefits *not specifically provided for in Section 52–1–43 NMSA 1978,* shall be that percentage of the benefit payable for total disability, as provided in Section 52–1–41 NMSA 1978, as such percentage is determined by the court pursuant to the provisions of Section 52–1–25 NMSA 1978 * * *. [Emphasis added.]

This section requires that before a percentage benefit is payable, the injured worker must ascertain that his or her injury is not covered under Section 52–1–43, which states in part:

> A. For disability resulting from an accidental injury to specific body members including the loss or loss of use thereof, the workman shall receive the weekly maximum and minimum compensation for disability as provided in Section 52–1–42 NMSA 1978, for the following periods. . . .

> *     *     *     *     *     *

> B. For a partial loss of use of one of the body members or physical functions listed in Subsection A of this section, the workman shall receive compensation computed on the basis of the degree of such partial loss of use, payable for the number of weeks applicable to total loss or loss of use of that body member or physical function.

The scheduled injury section does not take into consideration the occupation of the worker and how the loss of the specific member of the body may affect his or her ability to perform the duties of his or her job. The schedule, for example, awards the same benefit to a piano player as to a night watchman for the loss of a finger, hand or arm.

In *Am. Tank & Steel Corp. v. Thompson,* 90 N.M. 513, 565 P.2d 1030 (1977), we recognized that a worker who suffered an injury to a scheduled member could be considered partially disabled under Section 52–1–42, if the injury to the scheduled member resulted in a "separate and distinct" injury to another part of the body. In *Am. Tank & Steel Corp. v. Thompson, supra,* at 515, 565 P.2d at 1032, we stated:

> If one suffers a scheduled injury which causes a physical impairment but does not create disability, [Section 52–1–43] will apply. When the impairment amounts to a disability, [Sections 52–1–41 and 52–1–42] are properly invoked.

Although this dictum implies that Section 52–1–43 will not apply if the injury results in a disability, we meant that there must be a "separate and distinct" injury to another

part of the body to allow Section 52–1–42 to apply.

This principle of recognizing partial disability resulting from an injury to a scheduled member was addressed by the Court of Appeals in *Newhoff v. Good Housekeeping, Inc.,* 94 N.M. 621, 614 P.2d 33 (Ct.App.), *cert. denied,* 94 N.M. 674, 615 P.2d 991 (1980). The Court of Appeals clarified the principle by stating that the dictum in *Am. Tank & Steel Corp. v. Thompson, supra,* did *not* mean that the limitation of partial disability benefits provided by the schedule was to be disregarded when there was a disability. Rather, it meant that the schedule was applied through Section 52–1–42 and still acts as a limit on partial disability compensation. Thus, under *Am. Tank & Steel Corp. v. Thompson, supra,* the only partial disability benefits available are those in Section 52–1–43 if the injury is solely to a scheduled member.

*Newhoff v. Good Housekeeping, Inc., supra,* states:

> In order to obtain partial disability benefits and not be limited to scheduled injury benefits, there must be a separate and distinct impairment to other parts of the body in addition to the disability resulting from injury to a scheduled member.

*Id.* at 623, 614 P.2d at 35.

This is simply a paraphrase of the language in Section 52–1–42: "For partial disability the workmen's compensation benefits not specifically provided in Section 52–1–43, shall be that percentage of the benefit payable for the total disability...." In other words, if the injury is not covered by the schedule, the compensation is computed as a percentage of total disability.

In Candelaria's case, the amputation of the portion of the finger is covered by Section 52–1–43(A), N.M.S.A.1978. Any partial loss of the use of his hand or physical function is covered by Section 52–1–43(B). After reviewing the record on appeal, we hold that the trial court's findings are insufficient to establish any partial disability. We have reviewed the testimony of the experts as well as that of Candelaria and find that there is no evidence to support findings which would allow recovery for a "separate and distinct" injury. *Getz v. Equitable Life Assur. Soc. of U.S.,* 90 N.M. 195, 561 P.2d 468, *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). Therefore, the percentage compensation for partial disability under Section 52–1–42 does not apply.

The Court of Appeals' opinion, in the present case, overruled *Newhoff v. Good Housekeeping, Inc., supra.* We reverse the Court of Appeals and reiterate that *Newhoff v. Good Housekeeping, Inc., supra,* is the law in New Mexico.

We disagree with Candelaria's interpretation of *Am. Tank & Steel Corp. v. Thompson, supra,* and *Newhoff v. Good Housekeeping, Inc., supra.* These cases do not stand for the proposition that if an injury to a scheduled member can be converted in some manner to a percentage disability as a whole, then the injured worker can avoid the scheduled injury section of the Act.

This case is remanded to the trial court for entry of judgment under the scheduled injury section of the Act and for *reasonable* attorney's fees for Candelaria's attorney.

IT IS SO ORDERED.

EASLEY, C.J., and PAYNE and FEDERICI, JJ., concur.

SOSA, Senior Justice, dissenting.