707 P.2d 1203

**Randol NICHOLS, Plaintiff-Appellant,**

v.

**TELEDYNE ECONOMIC DEVELOPMENT COMPANY, Employer, and Argonaut Insurance Company, Insurer, Defendants-Appellees.**

**No. 8759.**

Court of Appeals of New Mexico.

Sept. 17, 1985.

Catherine Gordon, Duhigg & Cronin, Albuquerque, for plaintiff-appellant.

Sarah M. Bradley, Bradley & McCulloch, P.A., Albuquerque, for defendants-appellees.

**OPINION**

WOOD, Judge.

Plaintiff's claim for worker's compensation benefits was settled. The claim for vocational rehabilitation benefits was excluded from the settlement and submitted to the trial court for decision. The trial court denied rehabilitation benefits. Plaintiff appealed. This court proposed summary affirmance of the trial court. Plaintiff has timely opposed summary affirmance;

his memorandum makes two arguments: (1) that he is unable to return to his former job and, thus, is entitled to rehabilitation benefits; and (2) the remedial policy of the Workmen's Compensation Act and the interest in rehabilitation of workers requires a liberal policy in the award of rehabilitation benefits.

NMSA 1978, Section 52–1–50 (Cum.Supp. 1984) provides that a worker "shall be entitled to such vocational rehabilitation services ... as may be necessary to restore him to suitable employment where he is unable to return to his former job. The court shall determine whether a disabled employee needs vocational rehabilitation services * * * ."

■ The parties stipulated, and the trial court found, that plaintiff was unable to return to his former work as a security guard. Plaintiff's claim, that because he cannot return to his former job an award of rehabilitation benefits is required, ignores the above-quoted statutory language. The trial court must determine the need for the rehabilitation benefits and the need depends on whether the benefits are necessary to restore the worker to suitable employment. We may not ignore the statutory language to effect a policy not covered by the statute. *Lent v. Employment Security Commission of the State of New Mexico,* 99 N.M. 407, 658 P.2d 1134 (Ct. App.1982); *Newhoff v. Good Housekeeping, Inc.,* 94 N.M. 621, 614 P.2d 33 (Ct.App. 1980), *affirmed* in *Hise Construction v. Candelaria,* 98 N.M. 759, 652 P.2d 1210 (1982). Plaintiff contends the statutory language is mandatory. Our answer is that rehabilitation benefits "necessary to restore him [the worker] to suitable employment" is part of the mandatory language. *Ruiz v. City of Albuquerque,* 91 N.M. 526, 577 P.2d 424 (Ct.App.1978).

■ Plaintiff had the burden of establishing the need for rehabilitation benefits. *Garcia v. Albuquerque Public Schools,* 99 N.M. 741, 663 P.2d 1198 (Ct.App.1983). The trial court found:

5. That at the time of the accident plaintiff was earning approximately $700 per month gross.

6. That plaintiff and wife now are co-managers of a condominium complex in Los Alamos, New Mexico. They recieve [sic] wages of $1,250 per month, and are furnished a rent free apartment valued at $500 per month for a total compensation of $1,750 for their services.

7. That plaintiff's current employment includes overseeing maintenance, some bookkeeping and other matters in regard to the business of the complex.

8. That plaintiff appears to have job security.

■ Plaintiff is not in a position to complain of these findings of the trial court, which are based on plaintiff's own requested findings. *See Platero v. Jones,* 83 N.M. 261, 490 P.2d 1234 (Ct.App.1971). Plaintiff does not complain of these findings. His theory, revealed in another requested finding, is that he seeks rehabilitation benefits in order to obtain an associate's degree in business management.

Plaintiff believes that additional education will benefit him directly as follows: he will receive additional wages; he will be better able to perform his duties as manager of Ridge Park Village Condominiums; and he will significantly enhance his opportunities for advancement within the Mac Davis Corporation in the future.

The statute does not provide for rehabilitation benefits for these reasons; the statute requires a need for rehabilitation benefits. The trial court's findings are to the effect that there is no need for rehabilitation benefits. The trial court properly denied the request for rehabilitation benefits under the facts of this case.

The order denying the motion for rehabilitation benefits is affirmed.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.