765 P.2d 761

**Modesto CISNEROS, Claimant–Appellee and Cross–Appellant,**

v.

**MOLYCORP, INC., Respondent–Appellant and Cross–Appellee.**

**No. 10100.**

Court of Appeals of New Mexico.

Sept. 22, 1988.

Certiorari Denied Dec. 1, 1988.

Narciso Garcia, Jr., Toulouse, Toulouse & Garcia, P.A., Albuquerque, for claimant-appellee.

Marte D. Lightstone, Campbell & Black, P.A., Santa Fe, for respondent-appellant.

## OPINION

MINZNER, Judge.

Molycorp, Inc. (employer) appeals the dispositional order of the Workmen's Compensation Administration awarding Cisneros (claimant) compensation for a work-related hearing loss. Employer raises three arguments on appeal: (1) a gradual, noise-induced hearing loss is not an accidental injury compensable under the Workers' Compensation Act but rather is compensable only under the Occupational Disease Disablement Act; (2) even if such a hearing loss is compensable under the Workers' Compensation Act, claimant is time-barred; (3) the hearing officer erred in rejecting evidence of a 1971 hearing examination. Claimant has cross-appealed, contending the hearing officer erred in reducing his award for failure to use safety devices. We affirm.

Claimant worked for employer from 1958 until November 1986, when he was laid off because of a plant shutdown. Claimant experienced a gradual loss of hearing as a result of frequent and continuous exposure to excessive noise. He testified he noticed the hearing loss in 1971 but did not know it was work-related. In 1984, he was fitted for hearing aids. At that time, he told his foreman that his hearing loss was work-related. In January of 1987, he filed a claim for workers' compensation.

After a hearing on the merits, the hearing officer found, based on medical testimony, that claimant suffered a 54.96% hearing impairment and that the hearing loss affected both ears. The hearing officer further found that claimant was able to perform his job duties and other jobs to a percentage extent even though he had suffered a hearing loss. Based on these findings, the hearing officer concluded that the claim fell within the scheduled injury section of the Workers' Compensation Act and computed the compensation due claimant based on the percentage of his loss of hearing.

The parties agree that if the hearing loss is compensable only under the Occupational Disease Disablement Act, claimant cannot recover. We note that the Workers' Compensation Act was amended in 1986 and 1987. *See* 1986 N.M.Laws, ch. 22, and 1987 N.M.Laws, ch. 235. With one exception, which is noted in the opinion, the parties agree there have been no material changes in the sections pertinent to this appeal.

## APPEAL

### I. Nature of the Claim.

NMSA 1978, Section 52–3–46 (Repl. Pamp.1987) provides: "In all cases where injury results by reason of an accident arising out of or in the course of employment, no compensation under this act shall be payable, nor shall any compensation be payable under the Workmen's Compensation Act for any occupational disease." (Citation omitted.) Employer contends claimant was required by this statute to seek compensation for an "occupational disease"; not having done so, he is not entitled to benefits.

We disagree that the hearing loss represents an "occupational disease." Consequently, we do not reach claimant's contention that a workplace infirmity may be both an "accidental injury" and an "occupational disease" and that Section 52–3–46 was only intended to foreclose double recovery. *See Martinez v. University of California,* 93 N.M. 455, 601 P.2d 425 (1979). We believe the hearing loss in this case is compensable under the Workers' Compensation Act, because it was an "accidental injury" within the meaning of that Act.

The right to compensation under NMSA 1978, Section 52–1–9 (Repl.Pamp.1987), arises from a "personal injury accidentally sustained." A claim for workers' compensation shall be allowed only "when the worker has sustained an accidental injury arising out of and in the course of his employment." NMSA 1978, § 52–1–28(A)(1) (Repl.Pamp.1987).

■ An "accidental injury" is defined in New Mexico as an unlooked-for mishap or some untoward event that is not expected or designed. *Gilbert v. E.B. Law & Son, Inc.*, 60 N.M. 101, 287 P.2d 992 (1955); *Aranbula v. Banner Mining Co.*, 49 N.M. 253, 161 P.2d 867 (1945); *Candelaria v. General Elec. Co.*, 105 N.M. 167, 730 P.2d 470 (Ct.App.1986); *Lyon v. Catron County Comm'rs*, 81 N.M. 120, 464 P.2d 410 (Ct. App.1969). It is not necessary that an injury should result momentarily or be immediately discoverable to be an "accidental injury." It may be produced gradually and progressively. *Webb v. New Mexico Publishing Co.*, 47 N.M. 279, 141 P.2d 333 (1943); *Candelaria v. General Elec. Co.* The accidental injury requirement is generally satisfied if either " 'the cause was of an accidental character or if the effect was the unexpected result of routine performance of the claimant's duties.' " *See Lyon v. Catron County Comm'rs*, 81 N.M. at 125, 464 P.2d at 415 (*quoting* 1A A. Larson, *Workmen's Compensation Law* § 38.00 (1967)). New Mexico case law has established that where the strain of the worker's usual exertions causes a collapse there is an accidental injury. *Compare Herndon v. Albuquerque Pub. Schools*, 92 N.M. 635, 593 P.2d 470 (Ct.App.1978) *and Lyon v. Catron County Comm'rs* (back injuries) *with Candelaria v. General Elec. Co.* (psychological disability).

■ An "occupational disease" is defined as any disease peculiar to the occupation in which the employee is engaged and due to causes in excess of the ordinary hazards of employment as such. NMSA 1978, § 52–3–33 (Repl.Pamp.1987). An "occupational disease" is a natural incident of a particular occupation; the hazard distinguishes that occupation from others and is in excess of that attending employment in general. *See Martinez v. University of California; Chadwick v. Public Serv. Co. of N.M.*, 105 N.M. 272, 731 P.2d 968 (Ct. App.1986). The disease must have its origin in the inherent nature or mode of work of the profession or industry. *Aranbula v. Banner Mining Co.*

Courts in jurisdictions other than New Mexico have considered several factors in distinguishing between accidental injuries and occupational diseases. The foreseeability of the injury has been adopted as a test by some courts, on the theory that a hazard which is recognized as inherent in continued exposure to conditions of a particular type of employment cannot be the cause of an accidental injury. 1B A. Larson, *The Law of Workmen's Compensation* § 41.31 (1987). Another factor used to distinguish accidental injuries from occupational diseases is the suddenness of the onset of the injury, so that injuries contracted gradually are occupational diseases and injuries which can be traced to a specific time, place, and cause are accidental injuries. *Id.* In applying these tests to cases of gradual, noise-induced hearing loss, some jurisdictions have held such hearing loss is an occupational disease and others have held it to be an accidental injury.

For example, in *Martinez v. Taylor Forge & Pipe Works*, 174 Ind.App. 514, 368 N.E.2d 1176 (1977), the Indiana Court of Appeals held that a gradual, noise-induced hearing loss was not an accidental injury because the hearing loss was neither unexpected nor unforeseen. Loss of hearing would have been expected, anticipated, and foreseen by reasonable and ordinary persons working in the continuously noisy circumstances in which the claimant worked. The court held the hearing loss was not unexpected because nothing extraordinary happened to the claimant except for the continuous noise inherent in his job. The claimant should, therefore, have had reason to anticipate a hearing loss. The court also held that the hearing loss was not an occupational disease.

However, in *Hinkle v. H.J. Heinz Co.*, 462 Pa. 111, 337 A.2d 907 (1975), the Pennsylvania Supreme Court held that the unforeseen factor may be either the circumstances causing the injury or the nature of the injury itself. Where the claimant incurs an injury in the usual performance of his job, the injury may be accidental if the nature of the effect was extraordinary. The court held that the claimant's loss of

hearing was unexpected and, therefore, an accidental injury.

Similarly, in *Winkelman v. Boeing Airplane Co.*, 166 Kan. 503, 203 P.2d 171 (1949), the Kansas Supreme Court stated that although an injury may have resulted from the intentional performance of usual acts in the usual way, an injury will be treated as accidental if it is unexpected by the employee. The court found that the claimant had not expected his hearing loss to be permanent, so that the injury was unexpected and accidental. The court justified this holding, which deviated from Kansas precedent, on the ground that the Kansas Workmen's Compensation Act should be liberally construed.

A "specific time, place, and cause" rule has been adopted by many jurisdictions and is often used in conjunction with the foreseeability test. Thus, it has been said that an injury must be both unforeseeable and traceable to a specific time, place, and cause in order to be an accidental injury. *See Martinez v. Taylor Forge & Pipe Works; Winkelman v. Boeing Airplane Co.; Hinkle v. H.J. Heinz Co.* In applying this test to gradual, noise-induced hearing loss, courts have reached contradictory results.

The Colorado Court of Appeals denied recovery to an employee who had been exposed to continuous noise made by running lumber through a planer, because the injury was not traceable to a specific time, place, and cause. *Martinez v. Industrial Comm'n*, 40 Colo.App. 485, 580 P.2d 36 (1978). The court distinguished another Colorado case which allowed recovery for a loss of hearing resulting from monthly exposure to noise at a firing range. The court held that once a month exposure to noise was traceable to a particular time, place, and cause, but continual exposure was not. The court affirmed the commission's decision that claimant's loss of hearing was an occupational disease.

However, in *Hinkle*, the Pennsylvania Supreme Court held that injury due to continuous noise was traceable to a specific time, place, and cause. The court found that continuous noise caused a series of injuries, each of which aggravated the previous harm, and that it would be unjust to deny recovery for a series of injuries when any one of the injuries alone would be compensable.

Similarly, the Kansas Supreme Court, in *Winkelman*, held that the claimant had met the requirement that the injury be traceable to a particular time, place, or circumstance. He had been exposed to excessive noise while working as an instructor in an indoor pistol range. The court found that each pistol retort caused some injury and contributed to the permanent injury. Thus, proof of injury was as definite as possible in the particular circumstances. The court accepted this as sufficient, stating that if an injury occurring as the result of a single accident is compensable, a series of such accidents must also be compensable.

■ New Mexico has rejected the specific time, place, and cause requirement. *Webb v. New Mexico Publishing Co.; Candelaria v. General Elec. Co.* New Mexico has adopted the foreseeability test, using much the same language the Pennsylvania court used in *Hinkle*, allowing recovery if either the cause or effect of the injury was unexpected. *Lyon v. Catron County Comm'rs.* Thus, the only requirement for an injury to be found accidental in New Mexico is that it must not be foreseeable.

■ If a claimant is totally disabled or unable to perform work to a certain percent, then the total or partial disability sections of the Act are relevant. *See Perez v. International Minerals & Chem. Corp.*, 95 N.M. 628, 624 P.2d 1025 (Ct.App.1981). However, if he suffers an injury solely to a scheduled member, then the scheduled injury section applies. *See American Tank & Steel Corp. v. Thompson*, 90 N.M. 513, 565 P.2d 1030 (1977); *see also Newhoff v. Good Housekeeping, Inc.*, 94 N.M. 621, 614 P.2d 33 (Ct.App.1980). On the facts of this case, the scheduled injury section applies. *See* NMSA 1978, § 52-1-43(B) (Repl.Pamp. 1987).

Section 52–1–43(B) provides that if a workman suffers a partial loss of use of one of the members listed in subsection (A), compensation is to be computed on the basis of the degree of such partial loss of use, payable for the number of weeks applicable to the total loss or loss of use of that body member of physical function. The hearing officer properly determined that claimant sustained a partial percentage hearing loss.

There is a split of authority on the foreseeability of noise-induced hearing loss. The cases recognizing such a hearing loss as an "accidental injury" are more consistent with New Mexico case law, because they hold that either an unforeseen cause or an unforeseen result is sufficient to produce an "accidental injury." *See Lyon v. Catron County Comm'rs.* Under these circumstances, we believe we should join those jurisdictions permitting recovery under the Workers' Compensation Act. We therefore conclude that the hearing officer did not err in rejecting employer's first argument.

## II. Timeliness of Claim.

Employer has also argued that, even if the Workers' Compensation Act is applicable, claimant failed to file a timely claim. The hearing officer found that claimant knew he had a compensable injury in 1984. Claimant did not give written notice to his employer, *see* NMSA 1978, Section 52–1–29 (Repl.Pamp.1987), and did not file suit within the time allowed by NMSA 1978, Section 52–1–31(A) (Repl. Pamp.1987).

Employer never filed a report of the accident. *See* NMSA 1978, § 52–1–58 (Repl. Pamp.1987). The hearing officer found that claimant's action was not barred by the statute of limitations because of employer's failure to file the report. *See* NMSA 1978, § 52–1–59 (Repl.Pamp.1987).

Prior to 1987, Section 52–1–58 required the employer to file a report, even if the employee did not miss any work. *See* 1986 N.M.Laws, ch. 22, § 21. The statute now requires that a report be filed only if an employee loses more than seven days. *See*

1987 N.M.Laws, ch. 235, § 27. In this case, claimant never lost any time from work because of his hearing loss.

Employer argues that it did not know that claimant had suffered an accidental injury, and therefore it could not have been expected to file an accident report. *See Sanchez v. Bernalillo County,* 57 N.M. 217, 257 P.2d 909 (1953). A worker cannot avoid the statute of limitations because of the employer's failure to file a first report of accident where the employer had no reason to believe that a compensable injury had occurred. *Id.* Without sufficient notice of a compensable injury, the employer has nothing to report. *Wilson v. Navajo Freight Lines, Inc.,* 73 N.M. 470, 389 P.2d 594 (1964). Employer contends the 1987 amendment is evidence of prior legislative intent and notes that claimant filed insurance claims relating to the hearing loss with the general medical insurance carrier. Nevertheless, the hearing officer determined that employer had adequate notice of the compensable injury. We agree.

Claimant testified that he told his supervisor, at the time he was fitted for hearing aids in 1984, that his hearing loss was work-related. That statement to claimant's foreman is enough to satisfy the actual knowledge needed to excuse the written notice. *Moorhead v. Gray Ranch Co.,* 90 N.M. 220, 561 P.2d 493 (Ct.App. 1977). We believe it should also be enough to satisfy the holding of *Sanchez,* and we so hold. The 1987 amendment is not applicable to this appeal, because suit was filed prior to its effective date. *See* N.M. Const. art. IV, § 34. We are not persuaded that it clarified legislative intent. Rather, it appears to have changed existing law. Therefore, the hearing officer properly found that the statute of limitations was tolled by the employer's failure to file a report of the accident.

## III. Admissibility of Evidence.

Employer's third issue concerns the admission of evidence regarding hearing examinations that claimant underwent in 1971. The hearing officer ruled certain medical records were not admissible be-

cause they were not properly authenticated.

On appeal, employer contends that the records were not required to be authenticated under rules promulgated by the Workmen's Compensation Administration. *See* NMSA 1978, § 52–5–4 (Repl.Pamp. 1987). The exhibit employer sought to introduce has not been made part of the record on appeal. We assume that the relevant medical records are those attached to plaintiff's second amended answers to pre-trial interrogatories. If these are the records tendered, the information they contain seems to be cumulative of claimant's testimony that he had noticed a hearing loss in 1971. Thus, any error in refusing to admit the records would have been harmless. *See State v. Romero*, 94 N.M. 22, 606 P.2d 1116 (Ct.App.1980). In any event, because the argument raised on appeal was not raised below, no error has been preserved. SCRA 1986, 12–216.

CROSS–APPEAL

Claimant argues that it was error for the hearing officer to reduce his award by ten percent. The Workers' Compensation Act allows a reduction in compensation based on the failure of the employee to use a safety device. NMSA 1978, § 52–1–10 (Repl.Pamp.1987). The employer is under a duty to allege the specific safety device that it is claimed an employee failed to use before the employer may claim a reduction of compensation. § 52–1–10(E). Claimant contends that employer was not entitled to benefit from the defense, because it was not raised in the pleadings. *See Salazar v. City of Santa Fe*, 102 N.M. 172, 692 P.2d 1321 (Ct.App.1983).

In *Salazar*, the issue of non-use of a safety device was not raised in any pleadings. However, employer requested findings on the issue, which the trial court failed to adopt. This court held that the trial court had found against employer on the issue.

In this case, the issue of non-use of a safety device also was not raised in the pleadings. However, the hearing officer made an affirmative finding that claimant failed to use specific devices provided by employer.

When issues not raised by the pleadings are tried by express or implied consent, they shall be treated in all respects as if they had been raised in the pleadings. SCRA 1986, 1–015(B). In this case, employer introduced evidence at the hearing on the availability of particular safety devices for hearing protection. Claimant did not object; in fact, claimant cross-examined the witness on whether use of the devices was mandatory and the method of enforcement. Under these circumstances, we conclude that the issue was tried by consent and that claimant's cross-appeal has no merit. Claimant's reliance on *Salazar* is misplaced.

CONCLUSION

For the reasons stated herein, we affirm the award of workers' compensation benefits for gradual hearing loss with a ten percent reduction because of claimant's failure to use safety devices. Claimant is awarded attorney fees on appeal in the amount of $1,500.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.