2007-NMCA-080

161 P.3d 889

**Leonard GRIEGO, Worker–Appellant,**

v.

**PATRIOT ERECTORS, INC. and Commerce and Industries Insurance Company, Employer/Insurer–Appellees.**

**No. 26,378.**

Court of Appeals of New Mexico.

Feb. 27, 2007.

Certiorari Denied, No. 30,295, April 30, 2007.

David S. Proffit, Albuquerque, NM, for Appellant.

Butt Thornton & Baehr PC, Emily A. Franke, Carlos G. Martinez, Albuquerque, NM, for Appellees.

## OPINION

PICKARD, Judge.

{1} Leonard Griego (Worker) appeals from a Workers' Compensation Administration order granting summary judgment in favor of Patriot Erectors, Inc. and Commerce and Industries Insurance Company (collectively, Employer). The question presented by this case is whether Worker, who was punched by his supervisor while complaining about the supervisor to their mutual construction superintendent, may recover workers' compensation benefits. The workers' compensation judge (WCJ) granted summary judgment in favor of Employer on the basis that the supervisor intentionally punched Worker, thus making Worker's injuries non-accidental and therefore outside the scope of the Workers' Compensation Act (the Act), NMSA 1978, §§ 52–1–1 to –70 (1929, as amended through 2005). Worker appeals, and we reverse. We hold that the fact that the punch was intentionally delivered does not as a matter of law preclude the recovery of workers' compensation benefits.

## FACTS AND PROCEEDINGS BELOW

{2} On December 4, 2004, Worker, an iron worker, was working on a construction

site when Darryl Honeycutt, a supervisor, told Worker to "get [his] tools and get off the project." Worker then sought out their mutual construction superintendent, Don Price, to complain about Honeycutt's actions. As Worker was speaking to Price, Honeycutt approached Worker and the two began arguing about whether Worker committed a safety violation while working on the construction site. After Worker disputed Honeycutt's version of events, Honeycutt "sucker-punched" Worker in the jaw. Price and another employee subsequently jumped between Worker and Honeycutt and stopped the altercation.

{3} As a result of the incident, Worker suffered injuries to his jaw and temporomandibular joint (TMJ). Worker subsequently sought workers' compensation benefits for his injuries. Employer filed a motion for summary judgment, arguing that Honeycutt's actions were intentional, not accidental, and therefore Worker could not recover under the Act. Worker argued that from his perspective, being punched by Honeycutt was unexpected and therefore accidental. The WCJ concluded that Worker did not suffer an accident as defined in the Act and granted summary judgment in favor of Employer. Worker appealed.

**STANDARD OF REVIEW**

{4} "Summary judgment is proper where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law." *Gurule v. Dicaperl Minerals Corp.*, 2006–NMCA–054, ¶ 4, 139 N.M. 521, 134 P.3d 808; *see also* Rule 1–056(C) NMRA. In the present case, where the material facts do not appear to be disputed, we "review the disposition of the summary judgment motion[ ] de novo." *State Farm Mut. Auto. Ins. Co. v. Barker*, 2004–NMCA–105, ¶ 4, 136 N.M. 211, 96 P.3d 336; *see also Salazar v. Torres*, 2005–NMCA–127, ¶ 4, 138 N.M. 510, 122 P.3d 1279, *cert. granted*, 2005–NMCERT–011, 138 N.M. 587, 124 P.3d 565.

**DISCUSSION**

{5} The sole issue on appeal is whether a co-worker's intentional tort against another worker constitutes an "accident" for the purposes of workers' compensation benefits. Af-

ter examining relevant statutory law, as well as case law from New Mexico and other jurisdictions, we conclude that Worker's injuries are within the scope of the Act, and accordingly we reverse.

{6} The Act provides that, subject to a few exceptions, "each employer in New Mexico 'shall become liable to and shall pay to any such worker injured by accident arising out of and in the course of his employment ... compensation in the manner and amount at the times required in the ... Act.' " *Salazar*, 2005–NMCA–127, ¶ 6, 138 N.M. 510, 122 P.3d 1279 (quoting Section 52–1–2). Notably, a worker may obtain compensation under the Act only when he or she is "injured by accident," as "non-accidental injuries are not compensable under the Act." *Id.; see also Delgado v. Phelps Dodge Chino, Inc.*, 2001–NMSC–034, ¶ 13, 131 N.M. 272, 34 P.3d 1148; *Morales v. Reynolds*, 2004–NMCA–098, ¶ 7, 136 N.M. 280, 97 P.3d 612; *Martin-Martinez v. 6001, Inc.*, 1998–NMCA–179, ¶ 4, 126 N.M. 319, 968 P.2d 1182.

{7} "Actions on the part of the employer or the worker can render the injuring event non-accidental." *Morales*, 2004–NMCA–098, ¶ 7, 136 N.M. 280, 97 P.3d 612. For example, Section 52–1–11 provides that if a worker's injuries result from the worker's "intoxication, wilfulness, or intentional self-infliction," the injuries will be considered non-accidental, and the worker will lose any right to benefits. *Morales*, 2004–NMCA–098, ¶ 7, 136 N.M. 280, 97 P.3d 612; *see also Delgado*, 2001–NMSC–034, ¶ 14, 131 N.M. 272, 34 P.3d 1148. Additionally, under *Delgado*, when an employer's intentional or willful conduct causes injury to a worker, the injury will be considered non-accidental, and the employer will no longer enjoy immunity from tort liability. 2001–NMSC–034, ¶ 26, 131 N.M. 272, 34 P.3d 1148; *see also Morales*, 2004–NMCA–098, ¶ 8, 136 N.M. 280, 97 P.3d 612. In the present case, Employer does not allege that Worker's injuries were caused by his own "intoxication, wilfulness, or intentional self-infliction." Nor does Employer argue that it intentionally or wilfully engaged in conduct that led to Worker's injuries. Rather, Employer argues that a co-worker's intentional conduct renders Worker's injuries

non-accidental and therefore Worker is not entitled to compensation under the Act. We disagree.

{8} Although the word "accident" is not defined in the Act, our courts have long recognized that "an 'accidental injury' is an 'unlooked-for mishap or some untoward event that is not expected or designed.'" *Salazar*, 2005–NMCA–127, ¶ 6, 138 N.M. 510, 122 P.3d 1279 (quoting *Cisneros v. Molycorp, Inc.*, 107 N.M. 788, 791, 765 P.2d 761, 764 (Ct.App.1988)); *see also Delgado*, 2001–NMSC–034, ¶ 14, 131 N.M. 272, 34 P.3d 1148; *Gilbert v. E.B. Law & Son, Inc.*, 60 N.M. 101, 106–07, 287 P.2d 992, 996 (1955); *Aranbula v. Banner Mining Co.*, 49 N.M. 253, 258, 161 P.2d 867, 870 (1945); *Webb v. New Mexico Publ'g Co.*, 47 N.M. 279, 284, 141 P.2d 333, 336 (1943); *Stevenson v. Lee Moor Contracting Co.*, 45 N.M. 354, 367, 115 P.2d 342, 350 (1941); *Ortiz v. Ortiz & Torres Dri–Wall Co.*, 83 N.M. 452, 453, 493 P.2d 418, 419 (Ct.App. 1972); *Lyon v. Catron County Comm'rs*, 81 N.M. 120, 125, 464 P.2d 410, 415 (Ct.App. 1969). Whether an injury can be considered accidental is "determined from the perspective of the injured worker." *Salazar*, 2005–NMCA–127, ¶ 6, 138 N.M. 510, 122 P.3d 1279. Thus, "if a worker does not expect or design the untoward event that leads to his injury, he has suffered an accidental injury for the purposes of the Act." *Id.*

{9} In the present case, Worker alleges that he was injured when Honeycutt, a co-worker, sucker-punched him in the jaw. Employer argues that because Worker testified that he believed that Honeycutt acted intentionally when he struck Worker, Worker's injury cannot be accidental. We believe that Employer misstates the rule. *See Andrews v. Peters*, 55 N.C.App. 124, 284 S.E.2d 748, 750 (1981) ("The mere fact ... that an injury is termed 'accidental' from the injured employee's viewpoint, requiring the employer to pay compensation under the Act, does not mean that the injury is accidental from the viewpoint of the intentional assailant."). The pertinent question is not whether Worker believed that Honeycutt acted intentionally, but rather, whether Worker expected or designed Honeycutt's actions. *Salazar*, 2005–NMCA–127, ¶ 6, 138 N.M. 510, 122 P.3d

1279; *see also Doe v. S.C. State Hosp.*, 285 S.C. 183, 328 S.E.2d 652, 654–55 (Ct.App. 1985) ("The incident which led to the rape of appellant was certainly unexpected from her point of view and constitutes an accident within the meaning of the Workers' Compensation Act."). Thus, the fact that Worker believed that Honeycutt did not accidentally sucker-punch him is immaterial to our analysis.

{10} Although Worker testified that he believed that Honeycutt punched him intentionally with the intent to injure him, there is no evidence in the record to suggest that Worker expected or otherwise intended for Honeycutt to punch him. Indeed, Worker stated that he did not expect or anticipate that Honeycutt was going to hit him. Thus, "[f]rom Worker's perspective, the injury was unexpected and, therefore, accidental." *Salazar*, 2005–NMCA–127, ¶ 7, 138 N.M. 510, 122 P.3d 1279; *see also Meerbrey v. Marshall Field & Co.*, 139 Ill.2d 455, 151 Ill.Dec. 560, 564 N.E.2d 1222, 1226 (1990) ("[I]njuries inflicted intentionally upon an employee by a co-employee are 'accidental' within the meaning of the Act, since such injuries are unexpected and unforeseeable from the injured employee's point of view."); *Doe*, 328 S.E.2d at 654 ("An intentional assault upon an employee by a third person is an 'accident' because it is unexpected when viewed from the employee's perspective.").

{11} Employer argues that because intentional torts are not within the scope of the Act, Worker's injury cannot be considered accidental. *See, e.g., Delgado*, 2001–NMSC–034, ¶ 30, 131 N.M. 272, 34 P.3d 1148 ("[W]e do not believe that the Act was ever intended to immunize employers from liability for intentional torts."). According to *Delgado*,

> [W]illfulness renders a worker's injury non-accidental, and therefore outside the scope of the Act, when: (1) the worker or employer engages in an intentional act or omission, without just cause or excuse, that is reasonably expected to result in the injury suffered by the worker; (2) the worker or employer expects the intentional act or omission to result in the injury, or has utterly disregarded the consequences;

and (3) the intentional act or omission proximately causes the injury.

2001–NMSC–034, ¶ 26, 131 N.M. 272, 34 P.3d 1148. Although the above quoted language certainly suggests that intentional torts are outside the scope of the Act, it is also apparent that only a worker's or an employer's intentional or willful conduct will bring an incident outside the scope of the Act. *See Morales,* 2004–NMCA–098, ¶ 7, 136 N.M. 280, 97 P.3d 612 (stating that "[a]ctions on the part of the *employer* or the *worker* can render the injuring event non-accidental" (emphasis added)). In most instances, however, "the intentional conduct of an employee injuring another employee is not the intentional conduct of the employer." *Martin–Martinez,* 1998–NMCA–179, ¶ 13, 126 N.M. 319, 968 P.2d 1182. Rather, our case law indicates that when a co-worker commits an intentional tort against another worker, such an incident will be considered accidental, and therefore within the scope of the Act, (1) where the employer did not intentionally or willfully engage in conduct leading to the incident resulting in the worker's injury, or (2) where the co-worker's intentional conduct cannot be imputed to the employer under an alter ego theory. *See id.; see also Delgado,* 2001–NMSC–034, ¶ 1, 131 N.M. 272, 34 P.3d 1148; *Coates v. Wal–Mart Stores, Inc.,* 1999–NMSC–013, ¶ 29, 127 N.M. 47, 976 P.2d 999; *Morales,* 2004–NMCA–098, ¶¶ 7–8, 136 N.M. 280, 97 P.3d 612; *Eldridge v. Circle K Corp.,* 1997–NMCA–022, ¶¶ 13–16, 123 N.M. 145, 934 P.2d 1074; *accord Tippmann v. Hensler,* 716 N.E.2d 372, 376 (Ind.1999) (explaining in a hypothetical that where a co-employee repeatedly stabs another employee, the incident will be considered "accidental" from the employer's perspective, where the employer did not intend or expect the injury); *Meerbrey,* 151 Ill.Dec. 560, 564 N.E.2d at 1226 (stating that intentional torts committed upon an employee by a co-employee are considered "accidental" from an employer's viewpoint, where the employer did not direct or authorize the co-employee to commit the tort).

{12} In the present case, neither party alleges that Employer engaged in willful or intentional conduct that would result in the incident being considered non-accidental from Employer's perspective. *See Coates,* 1999–NMSC–013, ¶ 31, 127 N.M. 47, 976 P.2d 999 (concluding that the employer acted intentionally when it had notice of an employee's sexual harassment of others and failed to take any action). Nor is there any allegation that Honeycutt is an alter ego of Employer. *See Martin–Martinez,* 1998–NMCA–179, ¶ 17, 126 N.M. 319, 968 P.2d 1182 (concluding that two managerial employees were not alter egos of the employer where there was no evidence that either employee had "any ownership interest or confidential relationship with the shareholders of [the company]"). Thus, because Worker's injuries are accidental from both Worker's and Employer's perspective, Worker's claims fall within the scope of the Act.

{13} Finally, we observe that Worker's brief-in-chief focuses primarily on the idea, based on the holding in *Salazar,* that even if Worker's injuries are non-accidental, he may recover both workers' compensation benefits and tort damages. *See Salazar,* 2005–NMCA–127, ¶ 11, 138 N.M. 510, 122 P.3d 1279. The issue of tort damages is not before us in this appeal from the Workers' Compensation Administration. Because of this and because we conclude that Worker's injuries were caused by accident, and are therefore clearly within the scope of the Act, we decline to address this argument.

## CONCLUSION

{14} We reverse the WCJ's order granting summary judgment in favor of Employer and remand for further proceedings consistent with this opinion.

{15} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and RODERICK T. KENNEDY, Judges.